**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

     Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado corporation,
DUFFY HOLDINGS, LLC, a Colorado Limited Liability Company, and
DUFFY CRANE, INC., a Colorado corporation,

     Defendants.

---

**ORDER DENYING DEFENDANTS' AMENDED MOTION TO DISMISS**

---

     This matter is before the Court on Defendants Duffy Crane and Hauling, Inc.,

Duffy Holdings, LLC, Duffy Crane, Inc.'s (collectively, "Duffy") Amended Motion to

Dismiss (Doc. # 20).  For the following reasons, the Duffy's Motion is denied.

## I.  BACKGROUND

     This case arises from an injury that Plaintiff Franklyn A. Jenkins suffered during

the unloading of a heavy piece of equipment from his truck on February 12, 2010.

Jenkins had transported the equipment from Colorado to Minnesota and alleges that

the equipment was improperly loaded.  He also claims that during the transport, the

equipment shifted.   Duffy, a Colorado Corporation, had loaded the equipment into

Jenkins's two-level flat-bed trailer.  Jenkins suffered catastrophic injuries when the

equipment fell onto him as it was being unloaded in Minneapolis.

On May 9, 2011, Jenkins filed suit in Minnesota state court alleging negligence and negligence *per se* against Duffy and other defendants.  *Jenkins v. Immedia, Inc., Duffy Crane, Inc., American Transport, Inc., and XTRA Lease, LLC*, No. 62-CV-11-5524.  Duffy moved to dismiss itself from the litigation based on lack of personal jurisdiction and, in the alternative, for summary judgment on the merits of Jenkins's claims. (Doc. # 20, at 54.)  The state trial court granted Duffy's motion to dismiss for lack of personal jurisdiction, finding that it did not have sufficient minimum contacts with Minnesota to be subject to the jurisdiction of that court.  The state court went on to reach the merits of Duffy's motion for summary judgment and dismissed the claims against Duffy on that basis as well.  (Doc. # 21-1, at 54-58.)  Plaintiff sought appellate review in the Minnesota Court of Appeals of the state trial court's decision to reach the merits of Duffy's summary judgment motion after deciding that it did not have personal jurisdiction over Duffy.[1]  On January 22, 2013, the Minnesota Court of Appeals dismissed the appeal as premature, finding that because Jenkins's claims against the other defendants were still pending, the order on personal jurisdiction and summary judgment was interlocutory in nature and not immediately appealable.  (Doc. # 20-1, at 59-63.)

On February 6, 2013, Plaintiff filed the instant action against Duffy pursuant to this Court's power to hear diversity jurisdiction claims.  (Doc. # 1.)  Meanwhile, the state

---

[1] State proceeding Defendant Immedia also sought a related appeal of the trial court's determination it did not have personal jurisdiction over Duffy.

court litigation against the other defendants is still ongoing, but currently stayed pending

a Minnesota Supreme Court decision regarding Minnesota negligence law.

Duffy moved to dismiss this action on *res judicata*, collateral estoppel, and

statute of limitations grounds.  In the alternative, Duffy asks that the Court stay these

proceedings under the *Colorado River* abstention doctrine.  (Doc. # 20.)  Jenkins

responds to these claims and further argues that the state court's decision is void for

want of personal jurisdiction.  (Doc. # 21.)  Having determined that Duffy's motion is

ripe for review, the Court will address these contentions.  The Court need not convert

this motion to a summary judgment motion even though in rendering this decision it

considers state court pleadings that are not included in the complaint.[2]  Tenth Circuit

has held that it is proper to consider prior state court pleadings when reviewing a motion

to dismiss because the state court pleadings are matters of public record.  *See Rose v.*

*Utah State Bar,* 471 Fed. Appx. 818, 2012 WL 975422, *1 (Mar. 23, 2012 10th Cir.)

(order and judgment holding that it was proper for district court to take judicial notice of

earlier state court proceedings and not convert the Rule 12(b)(6) motion to dismiss to

one for summary judgment); *Amphibious Partners, LLC v. Redman,* 534 F.3d 1357,

1361–62 (10th Cir. 2008); *see also Q Int'l Courier, Inc. v. Smoak,* 441 F.3d 214, 216

(4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of *res judicata*,

a court may take judicial notice of facts from a prior judicial proceeding when the *res*

*judicata* defense raises no disputed issue of fact.").

---

[2] For this reason, it is not necessary to address Jenkins's statement of undisputed facts.

## II. <u>VOID JUDGMENT</u>

At the heart of this dispute is the validity of the Minnesota trial court's order

granting both dismissal for lack of personal jurisdiction and summary judgment on the

merits.  Thus, the Court will first address Jenkins's contentions that it should void that

decision.  Jenkins does not identify the procedural vehicle by which it contends this

Court has authority to void an order by a state trial court.  However, the Second Circuit

has recognized that Fed. R. Civ. P. 60(b)(4) allows a party to collaterally attack a

judgment that is constitutionally defective.  *Collins v. Foreman*, 729 F.2d 108, 111 (2d

Cir. 1984).  Rule 60(b)(4) states that a court may relieve a party "from a final judgment,

order, or proceeding . . . [if] the judgment is void."  Moore's explains:

> Although the Rule is silent about collateral attack as a method of
> challenging the validity of a judgment, there can be little doubt that if the
> judgment is void . . . a collateral attack upon the void judgment may be
> made in any proceeding in any court where the validity of the judgment
> comes in issue.

12 Moore's Federal Practice ¶ 60.44[1][b] (3d ed. 2011).  Citing a long line of case law,

the Tenth Circuit also has stated that a judgment may be "attacked in a collateral

proceeding in another jurisdiction on the basis that it was rendered without jurisdiction."

*United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) (citations omitted); *see also*

*Clay v. Sun River Min. Co.,* 302 F.2d 599, 602 (10th Cir. 1962) (finding a state court

default judgment void); *Daniels v. Thomas,* 225 F.2d 795, 798 (10th Cir. 1955) (state

court judgment not void where it had jurisdiction over the subject matter and parties).

The Circuit went on to explain:

4

> The modern iteration of this constitutional rule is that "a judgment rendered in violation of due process is void in the rendering state and not entitled to full faith and credit elsewhere." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (citing *Pennoyer,* 95 U.S. at 732–33). With respect to a state court's power to render a valid personal judgment against a nonresident defendant, "due process" requires "that the defendant be given adequate notice of the suit," per *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313–14, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and "be subject to the personal jurisdiction of the court" per *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *World-Wide Volkswagen,* 444 U.S. at 291, 100 S.Ct. 559.

*Bigford*, 365 F.3d at 866.  Although relief from a void judgment is mandatory, "[r]elief under this rule is 'extraordinary and may only be granted in exceptional circumstances.'" *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (quoting *Dronsejko v. Thornton,* 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks omitted)).

This Court does not endorse the Minnesota trial court's methodology of ruling on the merits of Jenkins's claims after it had determined it did not have personal jurisdiction over Duffy.  The Court further recognizes "the longstanding proposition that judgments rendered by a court lacking jurisdiction are void."  *Bigford*, 365 F.3d at 865 (citing *Burnham v.Super. Ct. of Cal.,* 495 U.S. 604, 608 (1990); *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986)); *see further In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974) ("[A] judgment is not void merely because it is erroneous, but only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.") "Traditionally [this] proposition was embodied in the phrase *coram non judice,* 'before a person not a judge'—meaning, in effect, that the proceeding in question was not a

5

**judicial** proceeding because lawful judicial authority was not present, and could therefore not yield a **judgment**." *Id.* (quoting *Burnham,* 495 U.S. at 608 (emphasis in original)). However, this Court is also not convinced that it may invalidate the state court's decision where it is Plaintiff Jenkins who attempts to invoke Defendant Duffy's due process rights.

Indeed, neither party cites, nor has the Court found a case in which a court invalidates the decision of another court upon the motion of a party that was properly before the that court and subject to its jurisdiction. A survey of case law and secondary sources demonstrates that the typical scenario is that a defendant fails to appear and default is entered against him. He then collaterally attacks that judgment by asserting that it was void for want of personal jurisdiction, due to either insufficient notice or minimum contacts. *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706 (1982) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding."); *Marcus Food Co.,* 671 F.3d at 1170 (default judgment void if there is no personal jurisdiction over defendant); 11 Wright and Miller, Fed. Prac. & Proc. Civ. § 2862, n. 10 (3d ed.) (collecting cases); 16 Moore's Federal Practice ¶ 108.143 (3d ed. 2011). The Restatement of Judgments is in accord with this general procedure and states:

> A court has authority to render judgment in an action when the court
> has jurisdiction of the subject matter of the action, as stated in § 11, and

   (1) **The party against whom judgment is to be rendered has submitted to the jurisdiction of the court**, or

   (2) Adequate notice has been afforded the party, as stated in § 2, and the court has territorial jurisdiction of the action, as stated in §§ 4 to 9.

Restatement (Second) of Judgments § 1 (1982) (emphasis added); *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1066 (3d Cir. 1991) ("A judgment is 'valid' when it has been rendered by a court of competent subject matter jurisdiction and the party against whom judgment is rendered either has submitted to the jurisdiction of the court or has been afforded adequate notice.")  The Supreme Court drew a distinction between subject matter jurisdiction and personal jurisdiction, when it acknowledged, "the requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue. These characteristics portray it for what it is—a legal right protecting the individual." *Ins. Corp. of Ireland*, 456 U.S. at 704.[3] With these principles in mind, the Court declines to declare the Minnesota state court order void.

_____

[3] Much of Jenkins's arguments ask this Court to conduct a review similar to the type of review Minnesota appellate courts would conduct if the order were final and subject to their review. The Supreme Court has explained that the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *see also In re Rifkin*, 08-22557, 2010 WL 2521458 (Bankr. D. Kan. June 18, 2010) (*Rooker–Feldman* doctrine is based on the lack of lower federal court jurisdiction to review a state court judgment; holding that preclusion exists even when the complaining party asserts the state court judgment is void for lack of effective service of process).  Again, the instant case is procedurally different in that it is the state court "loser" attempting to invoke the "winner's" constitutional rights. Nevertheless, neither party addresses what effect, if any, the *Rooker-Feldman* doctrine has here.

### III. *RES JUDICATA*

In a separate but somewhat related argument, Jenkins asks the Court to not give

preclusive effect to the state court order granting summary judgment on his claims

against Duffy.  The full faith and credit doctrine requires United States district courts to

give the judgments of state courts the same preclusive effect as would the rendering

court.  28 U.S.C. § 1738; *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs.,*

497 F.3d 1096, 1100 (10th Cir. 2007).  "The doctrine of *res judicata* embraces two

distinct branches: claim preclusion and issue preclusion."  *Gonzales v. Artspace*

*Affordable Housing, LP,* 12-4070, 2013 WL 4082015, *2 (10th Cir. Aug. 14, 2013)

*Macris & Assoc., Inc. v. Neways, Inc.,* 16 P.3d 1214, 1219 (Utah 2000).  Although the

elements of claim preclusion and issue preclusion are in some respects different, they

share the common requirement that the first suit must have resulted in a valid judgment

free from constitutional deficiencies.  *See Hansberry v. Lee*, 311 U.S. 32, 40-41 (1940).

Again, Defendant Duffy asserts that it is improper for Plaintiff Jenkins to assert

Defendant Duffy's due process rights in his attempt to argue that the summary judgment

order does not have preclusive effect.  Although this position has some support, *see,*

*e.g., id.*[4], under Minnesota law, judgments rendered in the absence of personal

---

[4] "State courts are free to attach such descriptive labels to litigations before them as they may choose and to attribute to them such consequences as they think appropriate under state constitutions and laws, subject only to the requirements of the Constitution of the United States. But when the judgment of a state court, ascribing to the judgment of another court the binding force and effect of res judicata, is challenged for want of due process it becomes the duty of this Court to examine the course of procedure in both litigations to ascertain **whether the litigant whose rights have thus been adjudicated has been afforded** such notice and opportunity to

jurisdiction do not have preclusive effect.  *Muellenberg v. Joblinski*, 247 N.W. 570, 571-72 (Minn. 1933) ("A judgment of a court without jurisdiction of the . . . parties is not *res judicata*.")  Therefore, applying Minnesota law, *res judicata* and collateral estoppel do not bar Jenkins's claims at this point in the litigation.  *See American Surety Co. v. Baldwin*, 287 U.S. 156, 165-66 (1932).

## IV. <u>STATUTE OF LIMITATIONS</u>

Duffy next argues that Jenkins's claims are barred by Colorado's[5] two-year statute of limitations for negligence claims.  *See* Colo. Rev. Stat. § 13-80-102(a).  However, as Jenkins points out, his negligence claims are governed by Colorado's three-year motor vehicle statute, which applies "regardless of the theory upon which the suit is brought, or against whom suit is brought" to "[a]ll tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle . . . ."  Colo. Rev. Stat. § 13-80-101(1).  The Colorado Supreme Court has construed actions that arise out of the use or operation of a motor vehicle broadly: "We have said the language 'arising out of' means to 'originate from,' 'grow out of,' or 'flow from.' It does not require a strict causal connection between the use or operation of a motor vehicle and the accident; some causal connection suffices."  *City & Cnty. of Denver v. Gonzales*, 17 P.3d 137, 140-41 (Colo. 2001).  In *Truck Ins. Exch. v. Home Ins. Co.*, the Colorado Court of Appeals found that a truck driver's injury resulting from jumping to the ground in an attempt to

---

be heard as are requisite to the due process which the Constitution prescribes."  *Hansberry*, 311 U.S. at 40 (emphasis added).

[5] Both parties agree that Colorado's tort law and statute of limitations applies.

avoid falling cargo that was being loaded onto his truck arose from the use of a motor vehicle under the now-repealed No Fault Act.  841 P.2d 354, 357-58 (Colo. App. 1992). Reading *Gonzales* and *Truck Insurance Exchange* together, Jenkins's injuries flowed from the loading of his truck and, therefore, arose from the use of a motor vehicle. Accordingly, Jenkins' claims, filed within three years, are not barred by the statute of limitations.

Duffy argues that even if the three year motor vehicle statute applies to Jenkins's negligence claims, his failure to warn claim does not come within the ambit of Colo. Rev. Stat. § 13-18-101(k) and is instead barred by the two-year statute of limitations for all actions for failure to warn.  Colo. Rev. Stat. § 13-18-101(k) applies to "all actions accruing outside this state if the limitation of actions of the place where the cause of action accrued is greater than that of this state."  Pointing to the complaint, Duffy contends that although Jenkins was injured in Minnesota, he had actual knowledge of the danger at issue before he left Colorado and, therefore, his failure to warn claim accrued in Colorado.  However, although Jenkins's complaint states that the load shifted ten miles from the loading location in Englewood, Colorado, it further states that the load shifted again, at which time Jenkins placed additional straps and chains on the cargo.  (Doc. # 1, ¶¶ 12, 37, 40.)  It is not clear where Jenkins was when the load shifted a second time, causing him to re-secure it.  Because it is not clear on the face of the complaint where the failure to warn claim arose, the Court declines to dismiss this claim at this juncture.  *Cf. Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041

n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.")[6]

## V. *COLORADO RIVER* DOCTRINE

Last, Duffy asks that this Court stay these proceedings pursuant to the *Colorado River* doctrine.  Under the *Colorado River* doctrine, where a federal court would otherwise have concurrent jurisdiction with a state court, the federal court may "dismiss or stay a federal action in deference to pending parallel state court proceedings." *Fox v. Maulding,* 16 F.3d 1079, 1080 (10th Cir. 1994) (citing *Colorado River v. U.S.,* 424 U.S. 800, 817 (1976)).  The Tenth Circuit has stated that, if the court determines that deferral to the state proceeding is appropriate, the court should enter a stay, rather than dismiss the case.  *Id.* at 1083 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings.") (citations omitted). "In the event the state proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without plaintiff having to file a new federal action."  *Id.*  Federal courts have a "virtually unflagging obligation . . . to exercise

---

[6] The Court also notes that neither party addressed Colorado interpretive tests to determine which statute of limitations a court should apply if the nature of the right sued upon leads to the potential application of more than one statute of limitations.  *See, e.g., Hersh Cos. Inc. v. Highline Village Assocs.,* 30 P.3d 221, 223–24 (Colo. 2001); *Regional Transp. Dist. v. Voss,* 890 P.2d 663, 668 (Colo. 1995); *Dawson v. Reider,* 872 P.2d 212, 214 (Colo. 1994). If either party chooses to make a later claim regarding whether this claim is barred, the Court asks that the parties discuss the applicability of this precedent to that argument.

the jurisdiction given them" and thus application of the doctrine is appropriate only in "exceptional" circumstances. *Id.* (quoting *Colorado River,* 424 U.S. at 817–18).

The first step in determining whether deferral is appropriate is a determination of whether the state court suit and the federal suit are in fact "parallel." *Foxfield Villa Associates, LLC v. Regnier*, 918 F. Supp. 2d 1192, 1196-98 (D. Kan. 2013) (citing *Reality Tech., Inc. v. CounterTrade Prods., Inc.,* No. 10–cv–01791–PAB–KLM, 2011 WL 2134409, at *2 (D. Colo. May 27, 2011)).  If this test is met, the court may then apply the nonexhaustive factors delineated in *Colorado River,* 424 U.S. at 818, and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 18 n. 20 (1983).  *Id.*  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox,* 16 F.3d at 1081.  In making this determination, the court looks at the state case at it actually exists and does not consider how the state proceedings could have been brought in theory.  *Id.*

First, the Court agrees with Jenkins that because the Minnesota trial court dismissed Duffy for lack of personal jurisdiction, there is no parallel or pending state action.  Second, even if the Court were to reach the additional *Colorado River* factors, there is a real concern that because the state trial court has determined it does not have personal jurisdiction over Duffy, that forum is not an adequate vehicle for the resolution of the dispute between Duffy and Jenkins.[7]  The Tenth Circuit has warned that granting

---

[7] The Minnesota state court's decision regarding personal jurisdiction has *res judicata* effect in these proceedings.  *See Baldwin*, 287 U.S. at 166 ("principles of *res judicata* apply to questions of jurisdiction").

a stay under *Colorado River* doctrine "would be a serious abuse of discretion unless the parallel state-court litigation would be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Id.* at 1081-82.  Thus, because the *Colorado River* doctrine is "heavily weighted in favor of the exercise of jurisdiction" and any doubt in the application of the factors "should be resolved in favor of exercising federal jurisdiction", *id.* at 1082, the Court declines to stay these proceedings.  *See Colorado River,* 424 U.S at 819 (dismissal or stay is warranted under only the "clearest of justifications").

## VI.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendants' Amended Motion to Dismiss (Doc. # 20) is DENIED.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 9) is DENIED AS MOOT.

DATED:  December   20  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge