IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

    Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado Corporation,
DUFFY HOLDINGS, LLC, a Colorado Limited Liability Company, and
DUFFY CRANE, INC., a Colorado Corporation,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Second Stipulated Motion to Amend the Case Management Order** [#70][1] (the "Scheduling Order Motion") and **Plaintiff's Partially Unopposed Motion for Leave to Take Deposition Pursuant to F.R.C.P. 30(a)(2)(B)** [#71] (the "Deposition Motion").

    In the Scheduling Order Motion, the parties jointly request that the Court modify certain deadlines set in the Scheduling Order [#51]. *See generally Scheduling Order Motion* [#70].

    In the Deposition Motion, Plaintiff explains that the parties agreed to depose a witness, Mike Watters ("Watters"), on November 17, 2014. *Deposition Motion* [#71] at 3. Plaintiff retained the Larimer County Sheriff's Department to perfect service of a subpoena on Mr. Watters and was notified that Mr. Watters is confined in the Larimer County Jail. *Id.* Plaintiff states that the parties "were unaware that Mr. Watters was in jail until" the day service was effectuated, November 10, 2014. *Id.* Plaintiff further states that he has confirmed that the deposition of Mr. Watters "can take place at a conference room at the Larimer County Jail on November 17, 2014, at 1:00 p.m." *Id.* As a result, he asks the Court for leave to take Mr. Watter's video deposition at that time at the Larimer County Jail

---

[1] "[#70]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

pursuant to Fed. R. Civ. P. 30(a)(2)(B). Plaintiff argues that "[i]f Plaintiff loses this opportunity, there is no certainty that Plaintiff will be able to locate and serve Mr. Watters in the future." *Id.* at 4.

As an initial matter, the Deposition Motion falls under the Court's discovery procedures. In other words, this issue should have been presented to the Court by telephone hearing, not by filing a written motion.

Second, Defendants do not oppose Plaintiff's desire to depose Mr. Watters. *Response* [#72] at 1. However, they do take issue with the date chosen by Plaintiff. *Id.* Defendants argue that the deposition date, which is only one week after the subpoena was issued, violates D.C.COLOLCivR 30.1 and Fed. R. Civ. P. 30(b)(1). *Id.* Defendants maintain that the deposition should be scheduled in "mid-December at a date and time mutually convenient to the parties." *Id.* at 2. Defendants further argue that "the Larimer County Sheriff's Department records show that Mr. Watters will be incarcerated until April 30, 2015" and that "[i]t is difficult to envision a scenario where the parties would be more certain about where Mr. Watters will be in early December." *Id.*

Fed. R. Civ. P. 30(a)(2)(B) states that a party must seek leave of the Court to depose an individual who "is confined in prison." Fed. R. Civ. P. 30(b)(1) requires that the party noticing a deposition "give reasonable written notice" and D.C.COLO.LCivR 30.1 clarifies that "reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6." While the Court may order that notice of fewer days constitutes "reasonable notice" in certain circumstances, here, the Court agrees with Defendants and finds that these circumstances do not support Plaintiff's request to deviate from the dictates of D.C.COLO.LCivR 30.1. As Defendants note, Plaintiff's fear that Mr. Watters may evade his deposition is unfounded because he is incarcerated. Accordingly,

IT IS HEREBY **ORDERED** that the Scheduling Order Motion [#70] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Scheduling Order entered on February 24, 2014 [#51] and amended on September 2, 2014 [#66], is further modified to extend the following deadlines:

- Discovery Cut-Off **January 30, 2015**
- Dispositive Motion Deadline **February 16, 2015**

IT IS FURTHER **ORDERED** that the Deposition Motion [#71] is **DENIED in part** and **GRANTED in part**.[2] The Deposition Motion is **GRANTED** to the extent it requests permission to depose an imprisoned individual pursuant to Fed. R. Civ. P. 30(a)(2)(B). The Deposition Motion [#71] is **DENIED** to the extent it asks the Court to either (1) find that the notice provided by subpoena was reasonable, or (2) excuse Plaintiff from compliance with

---

[2] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).

Fed. R. Civ. P. 30(b)(1) and D.C.COLO.LCivR 30.1.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for January 21, 2015 at 10:00 a.m. is **VACATED** and **RESET** to **March 30, 2015** at **10:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **March 23, 2015**.  The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded from the Forms section of the court's website at http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx.**

Dated:  November 13, 2014