IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

    Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado Corporation,
DUFFY HOLDINGS, LLC, a Colorado Limited Liability Company, and
DUFFY CRANE, INC., a Colorado Corporation,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Renewed Motion to Amend Case Management Order for Extension of Deadline for Joinder of Parties and Amendment of Pleadings** [#68][1] (the "Motion"). The Motion is referred to this Court for disposition [#69]. Defendants filed a Response [#74] to the Motion. Plaintiff did not file a reply and his time to do so has elapsed. The Motion is ripe for resolution. The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#68] is **DENIED without prejudice**.

---

[1] "[#68]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

## I. Background

In this negligence action, Plaintiff alleges that Defendants are responsible for injuries he sustained on February 12, 2010, when part of the cargo he was hauling "rolled off the top [of his step deck trailer] and crushed him." *Compl.* [#1] ¶¶ 41, 45. In support of his position, Plaintiff further alleges that Defendants were responsible for loading and/or supervising the employees who loaded the cargo. *Id.* ¶¶ 69-70. Plaintiff maintains that he was injured as a result of Defendants' negligence. *Id.* ¶¶ 82-83, 88, 101.

On February 24, 2014, the Court held a Scheduling Conference during which it set a variety of deadlines in this case. *See generally Courtroom Minutes* [#50]. At the Scheduling Conference the Court also entered the Scheduling Order [#51]. In the Scheduling Order, the Court set April 9, 2014 as the deadline to join parties and amend the pleadings. *Sched. Order* [#51] § 9(a).

On August 25, 2014, the parties filed their Partially Stipulated Motion to Amend the Case Management Order [#62] (the "Initial Motion"), in which the parties agreed to modify certain deadlines set in the Scheduling Order but disagreed regarding Plaintiff's request that the deadline for joinder of parties and amendment of pleadings be extended from April 9, 2014 to October 26, 2014. *Initial Motion* [#62] at 2-3. The Court granted in part and denied without prejudice in part the Initial Motion. *See generally Minute Order* [#66]. Specifically, the Court explained that the parties did not provide any legal support regarding the contested portion of the Initial Motion as required by D.C.COLOLCivR 7.1(d). *Id.* at 1. As a result, Plaintiff filed the instant Motion requesting extension of the deadline for joinder of parties and amendment of pleadings from April 9, 2014 to November 26, 2014. *Motion* [#68] at 5.

In the Motion, Plaintiff argues that "[f]or the first time, in July 2014, Plaintiff was provided with the last known contact information" for two potential deponents. *Id.* at 2. Plaintiff further maintains that "[b]ased on the recent discovery of [the potential deponents'] whereabouts, Plaintiff is working on scheduling the depositions of" the two individuals. *Id.* at 3. Plaintiff states that he intends to depose the two individuals and that he "may seek to amend his pleadings based on their testimony." *Id.* In support of his Motion, Plaintiff cites to *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), and argues that "[i]nformation learned through discovery[,] if occurring after the deadline to amend contained in the Scheduling Order[,] constitutes 'good cause' to justify an extension of that deadline." *Motion* [#68] at 3. Plaintiff also maintains that Defendants will not be prejudiced by extension of the deadline. *Id.*

In their Response, Defendants argue that "the fact that Plaintiff may have located these potential witnesses does not provide good cause for the joinder of additional parties or amendment of the pleadings—it only brings about the possibility that additional evidence may be uncovered." *Response* [#74] at 2. Defendants maintain that this is "[a] possibility that exists in any litigation involving active discovery." *Id.* Accordingly, Defendants argue that Plaintiff has not shown good cause for amendment of the Scheduling Order. *Id.*

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation

3

omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order). "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (noting that "the purpose of the deadline to amend contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be"). However, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause for such amendment pursuant to Rule 16(b)[(4)]." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 WL 1957099 (D. Colo. May 17,

2010), (citing *Pumpco*, 204 F.R.D. at 668-69).

### III. Analysis

As noted above, Plaintiff argues that the yet-to-be-scheduled depositions of the newly found individuals *may* lead to new information that *may* result in Plaintiff seeking leave to amend his Complaint. *Motion* [#68] at 3. This argument is too attenuated. In *Pumpco*, the Court explained that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco*, 204 F.R.D. at 668-69. That is not the situation here. In this case Plaintiff does not allege that he *has* discovered any new information that is necessary for the assertion of an additional claim. Instead, he alleges that *there is a possibility* that two future depositions *may* reveal new information. That is not good cause for amendment of the deadline for joinder of parties and amendment of pleadings pursuant to Fed. R. Civ. P. 16.

### IV. Conclusion

Accordingly, based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#68] is **DENIED without prejudice**. To the extent the depositions of the two individuals discussed in the Motion reveal new information necessary for the assertion of an additional claim, Plaintiff may file a motion requesting relief at that time.

Dated: January 29, 2015

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge

5