IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

      Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado Corporation,
DUFFY HOLDINGS, LLC, a Colorado Limited Liability Company, and
DUFFY CRANE, INC., a Colorado Corporation,

      Defendants.

_____

## ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on **Plaintiff's Second Renewed Motion to Amend Case Management Order for Extension of Deadline for Joinder of Parties and Amendment of Pleadings** [#93][1] (the "Motion to Amend") and **Plaintiff's Motion and Brief to Join Immedia, Inc.[2] Under F.R.C.P. 19 or in the Alternative Under F.R.C.P. 20** [#94] (the "Joinder Motion").[3]  The Motions were referred to this Court for disposition [#97]. Defendants filed a substantive response [#103] to the Joinder Motion and filed a response [#104] to the Motion to Amend that incorporates the response to the Joinder Motion [#103]

---

[1]  "[#93]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

[2]  The Court refers to Immedia, Inc. as "Immedia" throughout this Order.

[3]  As noted in the Conclusion, the Court also rules on Plaintiff's Status Report and Request for Ruling [#117], which requests a ruling on the Motions.

without any further argument.  As a result, the Court refers to the response to the Joinder Motion as the "Response" throughout this Order.  Similarly, Plaintiff did not file a reply in support of the Motion to Amend.  Plaintiff filed a reply [#108] in further support of the Joinder Motion (the "Reply").  The Court has reviewed the Motions, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion to Amend [#93] and the Joinder Motions [#94] are **GRANTED**.

## I. Background

In this negligence action, Plaintiff alleges that Defendants are responsible for injuries he sustained on February 12, 2010, when part of the cargo he was hauling "rolled off the top [of his step deck trailer] and crushed him." *Compl.* [#1] ¶¶ 41, 45.  In support of his position, Plaintiff further alleges that Defendants were responsible for loading and/or supervising the employees who loaded the cargo. *Id.* ¶¶ 69-70.  Plaintiff maintains that he was injured as a result of Defendants' negligence. *Id.* ¶¶ 82-83, 88, 101.

On February 24, 2014, the Court held a Scheduling Conference during which it set a variety of deadlines in this case.  *See generally Courtroom Minutes* [#50].   At the Scheduling Conference the Court also entered the Scheduling Order [#51].   In the Scheduling Order, the Court set April 9, 2014 as the deadline to join parties and amend the pleadings. *Sched. Order* [#51] § 9(a).

On August 25, 2014, the parties filed their Partially Stipulated Motion to Amend the Case Management Order [#62] (the "Initial Motion"), in which the parties agreed to modify certain deadlines set in the Scheduling Order but disagreed regarding Plaintiff's request

that the deadline for joinder of parties and amendment of pleadings be extended from April 9, 2014 to October 26, 2014. *Initial Motion* [#62] at 2-3. The Court granted in part and denied without prejudice in part the Initial Motion. *See generally Minute Order* [#66]. Specifically, the Court explained that the parties did not provide any legal support regarding the contested portion of the Initial Motion as required by D.C.COLOLCivR 7.1(d). *Id.* at 1.

As a result, Plaintiff filed his Renewed Motion to Amend Case Management Order for Extension of Deadline for Joinder of Parties and Amendment of Pleadings [#68] (the "Renewed Motion") requesting extension of the deadline for joinder of parties and amendment of pleadings from April 9, 2014 to November 26, 2014. *Renewed Motion* [#68] at 5. In the Renewed Motion, Plaintiff argued that "[f]or the first time, in July 2014, Plaintiff was provided with the last known contact information" for two potential deponents. *Id.* at 2. Plaintiff further maintained that "[b]ased on the recent discovery of [the potential deponents'] whereabouts, Plaintiff is working on scheduling the depositions of" the two individuals. *Id.* at 3. Plaintiff stated that he intended to depose the two individuals and that he "may seek to amend his pleadings based on their testimony." *Id.* In support of his Renewed Motion, Plaintiff cited to *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), and argued that "[i]nformation learned through discovery[,] if occurring after the deadline to amend contained in the Scheduling Order[,] constitutes 'good cause' to justify an extension of that deadline." *Renewed Motion* [#68] at 3. Plaintiff also argued that Defendants would not be prejudiced by extension of the deadline. *Id.*

The Court denied the Renewed Motion without prejudice. *Order* [#82] at 5. The Court found Plaintiff's argument "too attenuated" to constitute good cause for the requested amendment of the Scheduling Order. *Id.* The Court explained:

3

In *Pumpco*, the Court explained that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco*, 204 F.R.D. at 668-69.  That is not the situation here.  In this case Plaintiff does not allege that he has discovered any new information that is necessary for the assertion of an additional claim.  Instead, he alleges that there is a possibility that two future depositions may reveal new information.  That is not good cause for amendment of the deadline for joinder of parties and amendment of pleadings pursuant to Fed. R. Civ. P. 16.

*Id*.  Plaintiff subsequently filed the two instant Motions.

In the Motion to Amend, Plaintiff argues that the deadline for joinder of parties and amendment of pleadings should be extended because "[n]ew information was revealed at the deposition of Mike Watters that is necessary for the assertion of an additional claim and party."  *Motion to Amend* [#93] at 3.   Plaintiff maintains that Mr. Watter's deposition "revealed that Immedia's preparing and packaging of the printing press equipment at the time of loading in Colorado was negligent."  *Id*. at 4.  Plaintiff notes that there is litigation against Immedia in Minnesota state court and that the Minnesota court has ruled that "what happened in Colorado stays in Colorado."  *Id*.  Plaintiff provides further information about the Minnesota action in his Joinder Motion.  As explained by Plaintiff, Defendants were dismissed from the Minnesota action for lack of personal jurisdiction. *Joinder Motion* [#94] at 2.  As a result, Plaintiff continued to sue Immedia in Minnesota state court and brought the instant action against Defendants.  *Id*.  Plaintiff notes that Defendants designated Immedia as a nonparty at fault in this case [#23], but that it was not until Mr. Watters' deposition that Plaintiff learned the specific information that has resulted in the requested relief. *Id*. at 2-4.  Plaintiff states that in the Minnesota action "Immedia denied responsibility for 'packaging' the load and denied involvement in the loading process.  But Watters

testified that Immedia, not Duffy, was responsible for 'packaging' the load." *Id.* (citation omitted).

In the Response, Defendants argue that "[t]he Minnesota court ruled that Immedia owed no duty to [Plaintiff] in Colorado." *Response* [#103] at 2.  Defendants attach to their Response an order entered by the Minnesota state court that denied Immedia's motion for summary judgment and found that "[a]s the owner of the property on which the truck was to be unloaded, Immedia did owe Plaintiff the duty to use reasonable care for his safety." *Response, Ex. A* [#103-1] at 4.  While the Minnesota court did rule that "Immedia had no duty to ensure that Plaintiff's trailer was properly loaded at the Colorado site," this was not the end of the analysis and Defendants entirely ignore the court's conclusion that Immedia owed Plaintiff a duty to use reasonable care for his safety. *Id.* at 3.  Defendants also argue that Plaintiff's claim against Immedia is barred by the statute of limitations.  *Id.* at 2-6. Defendants maintain both that Plaintiff misrepresents Watters' testimony and that Plaintiff knew or should have known of the information he claims was revealed by Watters "at least since May 2012." *Id.* at 3 (emphasis omitted).  In addition, Defendants argue that the proposed claim against Immedia is barred by the doctrine of collateral estoppel. *Id.* at 7-8. Finally, Defendants argue that the claim against Immedia is barred by the rule against splitting a cause of action. *Id.* at 8-10.

In the Reply, Plaintiff argues that Defendants do not have standing to assert the affirmative defenses of statute of limitations, issue preclusion, and claim splitting on behalf of Immedia. *Reply* [#108] at 2-3.  Plaintiff also argues that even if Defendants have standing to assert the statute of limitations defense, Defendants' arguement fails as a matter of law. *Id.* at 6-10.  Plaintiff further argues that in attempting to assert the affirmative

5

defense of issue preclusion, Defendants have failed to meet their burden.  *Id.* at 2, 4-6.  In

addition, Plaintiff avers that even if Defendants have standing to object to joinder on the

grounds of splitting claims, "it is doubtful that claim-splitting even applies here."  *Id.* at 3.

Plaintiff further argues that "joinder will not split [his] claims against Immedia" because he

intends to bring claims against Immedia in this lawsuit relating to activities in Colorado and

Minnesota.  *Id.* at 4.  Plaintiff states that "once Immedia is joined and safely secured as a

defendant . . . he will dismiss the claims against Immedia in the Minnesota state court [ ]."

*Id.*  Finally, Plaintiff maintains that Defendants' arguments against joining Immedia in this

lawsuit are undercut by Defendants' own positions taken in this litigation.  *Id.* at 3.

## II.  Standard of Review

### A.    Joinder

Plaintiff seeks to join Immedia pursuant to either Fed. R. Civ. P. 19 or 20.  Rule 19

governs mandatory joinder and Rule 20 governs permissive joinder.

### 1.    Fed. R. Civ. P. 19

Pursuant to Rule 19, joinder of a party "who is subject to service of process and

whose joinder will not deprive the court of subject-matter jurisdiction" is mandatory when:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

6

Fed. R. Civ. P. 19(1).  Therefore, "deciding whether a party is indispensable is a two-step process." *Brin v. ACI Motor Freight, Inc.*, No. 13-cv-02035-RBJ, 2014 WL 1664889, at *2 (D. Colo. Apr. 23, 2014).  "First, the court must determine whether the party is 'required.'" *Id.*  Notably, "in situations where defendants are jointly, severally, or jointly and severally liable, individual defendants are typically permissive parties, not required parties." *Id.*  In such cases, Rule 20 applies, not Rule 19.

### 2.     Fed. R. Civ. P. 20

The requirements for permissive joinder of defendants in federal actions are set forth in Federal Rule of Civil Procedure 20(a)(2).  Joinder of an additional defendant is proper under Rule 20(a)(2) if:

> (A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

The Court also considers whether joinder would prejudice any party or result in needless delay.  *See Fed. R. Civ. P. 20(b).*  Joinder is within the sound discretion of the court. *McPhail v. Deere & Co.*, 529 F.3d 947, 951-52 (10th Cir. 2008) (discussing joining nondiverse parties in removal cases). "In exercising this discretion, the district court 'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .'"  *Id.* at 416 (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984)).

**B.      Amendment of the Scheduling Order Deadline**

As a preliminary matter, the Court must first determine whether the movant has filed his Motion within the deadline prescribed by the Scheduling Order, and if not, whether the movant has established good cause under Fed. R. Civ. P. 16 for his failure to timely do so. *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").  If good cause is shown, the Court then considers any arguments raised by the parties under Fed. R. Civ. P. 15 related to whether justice would be served by amendment.   Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This two-step analysis has been explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different [from] the more lenient standard contained in Rule 15(a).  Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this Court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotation marks and citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4)]'s 'good cause' standard is much different [from] the more lenient standard contained in Rule 15(a). . . .

8

Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . ."). If a party fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether that party has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3. The Court addresses each step in turn.

### III. Analysis

#### A.    Joinder

Plaintiff seeks to joind Immedia as a defendant in this action primarily pursuant to Fed. R. Civ. P. 19. *Joinder Motion* [#94] at 7-12. However, as noted above, "in situations where defendants are jointly, severally, or jointly and severally liable, individual defendants are typically permissive parties, not required parties." *Brin*, 2014 WL 1664889, at *2; *see also Joinder Motion* [#94] at 12 (recognizing "that permissive joinder may apply rather than mandatory joinder . . . ."). In such cases, Rule 20 applies, not Rule 19. In this case, Plaintiff seeks to join Immedia in this action because of its allegedly "negligent packaging and [Defendants'] negligent loading are so closely linked as to almost blend into a single albeit complex transaction." *Joinder Motion* [#94] at 14 (citation omitted). Plaintiff maintains that "it is indisputable that both Immedia's packaging and [Defendants'] loading here in Colorado are implicated in [Plaintiff's] injuries and his right to relief." *Id.* (citations omitted). Plaintiff argues that "[j]oinder will allow the jury to parse the packaging versus the loading and to determine [Defendants'] fault, if any, relative to Immedia's fault, if any." *Id.* As these arguments and allegations make clear, Plaintiff's position is that Defendants and Immedia may be jointly and severally liable for his injuries. As a result, the Court turns to

Rule 20, not Rule 19, when considering the Joinder Motion.

According to the Supreme Court, courts must interpret the Federal Rules of Civil Procedure to entertain "the broadest possible scope of action consistent with fairness to the parties"; thus, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Therefore, Rule 20 is construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969) (referring to the "liberal joinder provisions of Rule 20").  Keeping these considerations in mind, the Court first considers whether joinder of Immedia meets the requirements of Rule 20.

There can be no question that the right to relief is based on "the same transaction, occurrence, or series of transactions or occurrences"—namely the loading and unloading of the truck carrying the cargo that Plaintiff claims injured him.  This satisfies Fed. R. Civ. P. 20(a)(2)(A).  Further, sorting out the facts relating to the loading and unloading of the truck implicates Fed. R. Civ. P. 20(a)(2)(B) because the questions surrounding these facts are common to the existing Defendants and Plaintiff's allegations against Immedia.

The Court also considers whether joinder would prejudice any party or result in needless delay.  *See* Fed. R. Civ. P. 20(b); McPhail, 529 F.3d at 951.  As explained above, Defendants argue that the Joinder Motion should be denied based on: the statue of limitations, the doctrine of collateral estoppel, and the rule against splitting a cause of action.  *See generally Response* [#103].  As an initial matter, these arguments do not address the standard for joinder of a defendant under Rule 20.  At best, these arguments may go to prejudice or bad faith, but Defendants do not make any such argument explicit.

10

It is not the Court's role to supply legal support for a litigant's position.   *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The Court therefore, does not reconstrue Defendants' arguments in an attempt to shoehorn them into a Rule 20 analysis.

Further, it appears, as Plaintiff argues, that Defendants are attempting to assert affirmative defenses on behalf of Immedia in order to defeat the Joinder Motion, namely the statute of limitations and collateral estoppel (also known as issue preclusion). However, there is a "'general prohibition on a litigant's raising another person's legal rights.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quoting *Allen v. Wright*, 486 U.S. 737, 751 (1984). As Plaintiff makes clear, if Immedia is joined as a defendant, it may choose to raise these arguments. *Reply* [#108] at 2. However, Immedia also may choose to waive any of these defenses; that is Immedia's privilege as the party who may assert the affirmative defenses. *See Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) ("[T]he statute of limitations defense is an affirmative defense and is subject to waiver."); *Graham v. Taylor*, No. 15-cv-00006-GPG, 2015 WL 4095394, at *2 (D. Colo. July 7, 2015) ("The statute of limitations is an affirmative defense."); *Wyers Products Grp., Inc. v. Cequent Performance Prods., Inc.*, No. 13-cv-02976-REB-KMT, 2015 WL 1514711, at *3 (D. Colo. Mar. 30, 2015) ("Collateral estoppel is an affirmative defense for which Cequent

11

has the burden of persuasion."); *Walters v. Webster*, 123 P. 952, 954 (Colo. 1912) ("The bar of the statute of limitations is a personal privilege, to be relied upon, or not, as a defendant may choose."); *see also Bentley v. Cleveland County Bd. of County Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994) (failure to raise an affirmative defense under Rule 8(c) generally results in a waiver of that defense); *cf. Afshari v. Bear Archery, Inc.*, No. 12-13-KSF, 2012 WL 3027649, at *3 (E.D. Ky. July 24, 2012) ("Personal jurisdiction is a personal defense, . . . and Bear Archery lacks standing to assert this defense on behalf of the putative defendants.").

Claim splitting, Defendants' final argument, is related to res judicata and is also an affirmative defense. *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 564 F.App'x 345, 347 (10th Cir. 2014) (noting that res judicata is an affirmative defense)*; Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985-86 (10th Cir. 2002) (noting that claim splitting is "an aspect of res judicata"); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999); *Wyles v. Aluminaid Int'l, A.G.*, No. 15-cv-00393-CMA-KMT, 2015 WL 4035862, at *2 (D. Colo. June 30, 2015) ("Claim splitting is an aspect of res judicata that prevents parties from filing two substantially identical complaints to circumvent procedural rules." (citing *Hartsel Springs Ranch of Colorado, Inc.*, 296 F.3d at 990)). Therefore, it also would have to be raised by Immedia in the event that entity is joined in this action. Further, Defendants' argument against the Joinder Motion that is premised on claim splitting appears to ignore Plaintiff's statement in his conclusion to the Joinder Motion that he is "prepared to file an amended complaint naming Immedia as a defendant at fault and liable for negligently packaging the steel press tables here in Colorado and for negligently unloading the same in Minnesota." *Joinder Motion* [#94] at 15. Defendants'

Response fails to address how doing so would change their analysis of this issue. Regardless, as explained above, the Court will not entertain the assertion of another potential party's affirmative defense in lieu of arguments addressing the standard for joinder under rule 20.         Because Defendants fail to address the standard for joinder under Rule 20 and the Court has concluded that Plaintiff meets the elements of Rule 20, the Court briefly addresses the issues of undue delay and prejudice. *McPhail*, 529 F.3d at 951-52.

Plaintiff argues that it only learned about inconsistencies in the factual allegations made by Immedia in the Minnesota action when Mr. Watters was deposed and that is why it now seeks to join Immedia in this case. Joinder Motion [#94] at 3-4. The Court therefore finds that Plaintiff did not unduly delay raising this issue in this case. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006) (discussing undue delay in the Rule 15 context). Similarly, it is unclear how any party will be prejudiced by joinder of Immedia. As noted above, Defendants named Immedia as a nonparty at fault in this case [#23]. There can be no prejudice or surprise to joining a party the Defendants believe may be responsible for some of the damages sought by Plaintiff.

For these reasons, the Court finds that joinder under Rule 20 is appropriate.

## B.    Amendment of the Scheduling Order

The Motion to Amend discusses the standard for amendment of the Scheduling Order under Rules 15 and 16. However, as explained above, Defendants filed the Response [#103] addressing the Joinder Motion and a one-page response to the Motion to Amend. That one-page response, in its entirety, states as follows:

> For the reasons stated in Defendants' Response to Plaintiff's Motion and Brief to Join Immedia, Inc. Under F.R.C.P. 19 or in the Alternative Under F.R.C.P. 20, Defendants oppose Plaintiff's attempt to retroactively extend

13

deadlines for joinder of parties and amending pleadings.

*Response to Motion to Amend* [#104] at 1. Notably, the standard for amendment of the Scheduling Order under Rules 15 and 16 is entirely different from the standard for joinder under Rule 20. Therefore, Defendants essentially failed to respond to the Motion to Amend. As a result, the Court treats the Motion to Amend as unopposed. *See Walter v. HSM Receivables*, No. 13-cv-00564-RM-KLM, 2014 WL 5395197, at *1 (D. Colo. Oct. 23, 2014) ("The Motion is essentially unopposed as no response has been filed by Defendants."); *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, at *1 (D. Colo. July 2, 2009) (noting that Plaintiff did not file a response to the motion for sanctions and "deem[ing] the Plaintiff to have defaulted on th[e] motion."). However, the Court briefly discusses the Rule 15 and 16 standards addressed in the Motion to Amend.

### 1. Fed. R. Civ. P. 16

In this case, the deadline for joinder of parties and amendment of pleadings was April 9, 2014. *Sched. Ord.* [#11] § 9(a). The Motion to Amend was filed on January 19, 2015, and, therefore, is untimely. Accordingly, Plaintiff must show good cause for his failure to timely move to join Immedia and amend his claims pursuant to Fed. R. Civ. P. 16(b)(4) (a Scheduling Order deadline "may be modified only for good cause and with the judge's consent."). To do this, Plaintiff must "show that [he was] diligent in attempting to meet the deadline[ ]," and this standard can be met by the provision of "an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n.4 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the joinder of parties and pleading amendment deadline

14

requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be").  However, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause for such amendment pursuant to Rule 16(b)[(4)]."  *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (citing *Pumpco*, 204 F.R.D. at 668-69).

Here, Plaintiff alleges that he learned of new information after the deadline for joinder of parties and amendment of pleadings.  Specifically, Plaintiff states that he "did not discover that Immedia was responsible for preparing and packaging the printing press equipment in Colorado before [Defendants] loaded it, until Watters' deposition." *Motion to Amend* [#93] at 5.  Plaintiff further explains that this information caused Plaintiff to depose Mr. Watters in the Minnesota action on February 25, 2015 and thereafter Plaintiff sought "reconsideration of several rulings" from the Minnesota state court.  *Id.* at 4-5.  Plaintiff notes that the Minnesota court declined the request for reconsideration on May 14, 2015.

*Id.* at 4.   The Court finds the timing of the depositions of Mr. Watters to constitute good cause.   Plaintiff deposed Mr. Watters in this action on December 11, 2014, *Motion to Amend, Ex. 1* [#93-2], and deposed him in the Minnesota action on February 25, 2015. *Motion to Amend* [#93] at 5.   When a party learns new information after the amendment of pleadings deadline has passed, the newly-acquired information satisfies Rule 16's good cause requirement.   *See, e.g., Pumpco, Inc.*, 204 F.R.D. at 668-69 ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."); *see also Lewis v. Denver Fire Dep't,* 09-cv-00004-PAB-MJW, 2010 WL 3873974, at *7-8 (D. Colo. Sept. 28, 2010) (good cause shown to amend complaint after the scheduling order's deadline where plaintiff first learned of new information through depositions).   Accordingly, Plaintiff has shown good cause pursuant to Rule 16(b)(4).

### 2.      Fed. R. Civ. P. 15(a)(2)

As noted above, pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."   "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"   *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).   Here, Defendants simply fail to address Rule 15 altogether.   *See generally Response* [#103].   As a result, the Court cannot conclude that there is an apparent or declared reason to deny the requested relief.   Notably, prejudice

to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Thus, an opposing party's failure to "argue [that it] face[s] any—let alone undue—prejudice" if the Court grants leave to amend the Scheduling Order deadline "grievously weaken[s]" its opposition to amendment. *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (discussing motion seeking leave to file amended complaint). Here, these Defendants do not argue that they will experience any undue prejudice if the Scheduling Order deadline for joinder of parties and amendment of pleadings is extended. They also do not argue that Plaintiff unduly delayed seeking relief from the Court once he deposed Mr. Watters. Accordingly, the Court finds that pursuant to Rule 15(a)(2), the Scheduling Order deadline for joinder of parties and amendment of pleadings should be extended to allow Plaintiff to join Immedia as a Defendant.

## IV. Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion to Amend [#93] and the Joinder Motion [#94] are **GRANTED**.

IT IS FURTHER **ORDERED** that the deadline for joinder of parties and amendment of pleadings set in the Scheduling Order [#51] is extended through **November 20, 2015**.

IT IS FURTHER **ORDERED** that Plaintiff may file an Amended Complaint which

names Immedia, Inc. as a Defendant on or before **November 20, 2015**.

IT IS FURTHER **ORDERED** that Plaintiff's Status Report and Request for Ruling [#117] is **GRANTED**.

Dated:  October 27, 2015                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge