**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

      Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado corporation,
DUFFY HOLDINGS, LLC, a Colorado limited liability company,
DUFFY CRANE, INC., a Colorado corporation, and
IMMEDIA, INC., a Minnesota corporation,

      Defendants.

---

**ORDER DENYING DEFENDANT IMMEDIA'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION (DOC. # 138)**

---

      This matter is before the Court on Defendant Immedia, Inc.'s Motion to Dismiss
for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).
(Doc. # 138.)  On January 27, 2016, Plaintiff Franklyn A. Jenkins filed a brief in
opposition to Immedia's motion (Doc. # 142), and on February 17, 2016, Immedia
replied (Doc. # 148).  For the following reasons, Immedia's motion is denied.

## I.    <u>BACKGROUND</u>

      In 2011, Plaintiff commenced a negligence suit against Immedia and others in
Minnesota state court.  (Doc. # 138 at 6.)  The Minnesota state court dismissed
Plaintiff's claims against the Duffy entities and, as a result, Plaintiff filed the instant
action in this Court.  (*See* Doc. # 120.)  Plaintiff has alleged in both suits that Immedia
was negligent during the loading and unloading of a printing press that Immedia had

purchased and that Plaintiff transported from Colorado to Minnesota. (*Id.*) On August 7, 2012, the Minnesota state court denied Immedia's motion for summary judgment, but nonetheless held that, as a matter of law, Immedia had no duty to ensure that the printing press was properly loaded onto Plaintiff's truck. (Doc. # 138-2 at 67-70.) The Minnesota court also excluded all evidence regarding Immedia's conduct in Colorado from trial. (*Id.*) Prior to the scheduled trial in Minnesota, Plaintiff joined Immedia as a defendant in the present action, and the Minnesota court stayed that litigation pending final resolution of the instant case. (Doc. # 138-2 at 75-78.)

In the motion currently at issue, Immedia argues that because the Minnesota state court held that it did not have a duty to ensure the careful loading of the printing press in Colorado, personal jurisdiction in Colorado is improper. (Doc. # 138 at 12-14.) Plaintiff counters that this Court has not yet held that the *Savage* rule[1] applies in Colorado and that personal jurisdiction may be exercised because Immedia physically entered Colorado to conduct business and committed a tortious act here. (Doc. # 142 at 10-13.)

---

[1] In *United States v. Savage Truck Line, Inc.*, 209 F.2d 442, 445 (4th Cir. 1953), the Fourth Circuit held that "[w]hen the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper." Immedia argues that this rule applies in the present matter and prevents a Colorado court from exercising personal jurisdiction over it because Plaintiff knew of the danger. (Doc. # 138 at 12-14.) The defects were therefore not concealed, and thus, no cause of action can arise out of Immedia's conduct in Colorado. (*Id.*) The Minnesota state court's decision that Immedia owed no duty to Plaintiff in the loading of the printing press was based on this rule. (Doc. # 138-2 at 67-70.) This Court may very well conclude that the *Savage* rule applies in Colorado as well and that Immedia owed no duty to Plaintiff during the loading of the printing press as a matter of law. But that is not the issue before the Court today, and jurisdiction is not dependent on viability or likelihood of success of a particular legal theory.

## II.  ANALYSIS

### A.  STANDARD OF REVIEW

A motion to dismiss for lack of personal jurisdiction is brought pursuant to

Federal Rule of Civil Procedure 12(b)(2).  Although the burden to demonstrate personal

jurisdiction over a defendant rests with the plaintiff, a plaintiff need only make a prima

facie showing that personal jurisdiction is proper.  *Dudnikov v. Chalk & Vermilion Fine

Arts*, 514 F.3d  1063, 1070 (10th Cir. 2008); *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*,

514 F.3d 1054, 1056-57 (10th Cir. 2008).  In evaluating a Rule 12(b)(2) motion, the

court assumes as true the well-pled facts in a plaintiff's complaint.  *Dudnikov*, 514 F.3d

at 1070.  Factual disputes in the pleadings and affidavits will be resolved in the plaintiff's

favor for the purposes of the instant motion.  *See FDIC v. Oaklawn Apartments*, 959

F.2d 170, 174 (10th Cir. 1992).

### B.  WHETHER THE COURT HAS JURISDICTION

Personal jurisdiction exists over an out-of-state defendant where authorized by

the forum state's long-arm statute.  *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d

1218, 1229 (D. Colo. 2009).  Because Colorado's long-arm statute is coextensive with

the United States Constitution, jurisdiction is authorized where it is consistent with the

due process clause.  Colo. Rev. Stat. § 13-1-124; *Grynberg*, 666 F. Supp. 2d at 1229.

To demonstrate specific personal jurisdiction[2] that is consistent with Due

Process, a plaintiff must show that a defendant had "minimum contacts" with the forum

state, such that having to defend a lawsuit there would not "offend traditional notions of

_____

[2] The Court need not discuss whether there is general personal jurisdiction over
Immedia in Colorado because Plaintiff has not alleged that Immedia's contacts with
Colorado were "continuous and systematic."  (Doc. # 142 at 2); *World-Wide Volkswagen
Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940) (internal quotations omitted)).  To determine whether this standard has been met, courts first analyze whether the defendant purposefully directed its activities at the forum state and, second, whether the plaintiff's cause of action arises out of those forum-related contacts.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Immedia purposefully directed its activities at the forum state by sending three employees to Colorado to assist with and oversee the loading of the printing press onto Plaintiff's truck.  (Doc. # 138 at 11.)  Immedia argues that the presence of these employees falls "manifestly short of meeting" the test for specific personal jurisdiction because Colorado was not the focal point of its actions and its activities were not directed at Colorado residents.  (*Id.*)  However, Immedia's entry into Colorado in order to oversee a business transaction is sufficient to establish minimum contacts.  The sole purpose of Immedia's employees' presence in Colorado was their involvement in the loading of the printing press purchased from Duffy, a Colorado corporation.  This team remained in Colorado for six days and Immedia admits that these representatives were sent to Colorado and "given the authority . . . to do whatever was necessary to assist in getting that equipment dismantled." (Doc. # 42-2 at 6.)  Immedia benefitted from this contact with the forum state and, keeping in mind that Plaintiff must only make out a prima facie showing of jurisdiction, there are sufficient facts to demonstrate that Immedia purposefully directed its activities at Colorado.[3]

---

[3] Immedia's argument that it would have had to direct its activities at a Colorado resident is also without merit.  (Doc. # 138 at 10-11).  While this Court did articulate the test as one that requires a defendant to "purposefully direct[] activities at forum residents," *Floyd's 99 Holding Inc. v. Jude's Barbershop, Inc.*, 898 F. Supp. 2d 1202,

Plaintiff's causes of action arise out of Immedia's forum-related activities.  The

Amended Complaint alleges that Immedia owed a duty to Plaintiff to ensure the proper

loading of the printing press in Colorado and that Immedia violated numerous

regulations with respect to said loading.  (Doc. # 142 at 12-13.)  Despite the fact that the

injury occurred in Minnesota, Plaintiff claims that it was Immedia's negligence in

Colorado that caused his harm.

Finally, Plaintiff must demonstrate that exercising jurisdiction would not offend

traditional notions of fair play and substantial justice.  *Int'l Shoe*, 326 U.S. at 315

(quoting *Milliken*, 311 U.S. at 463).  Courts use five factors outlined in *Burger King* to

determine whether the exercise of personal jurisdiction meets this standard.  Those

factors are (1) the burden on the defendant, (2) the forum state's interest in adjudicating

the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the

interstate judicial system's interest in obtaining the most efficient resolution of

controversies, and (5) the shared interest of the several states in furthering fundamental

substantive social policies.  *Burger King*, 471 U.S. at 477 (quoting *World-Wide*

*Volkswagen*, 444 U.S. 286 at 292).  This is essentially an inquiry into whether exercising

jurisdiction would be reasonable and fair.  *Melea, Ltd. v. Jawer Sa*, 511 F.3d 1060, 1066

(10th Cir. 2007).

In the instant case, it is just to exercise personal jurisdiction over Immedia.

Although Immedia is a Minnesota corporation, it has already demonstrated an ability to

---

1206 (D. Colo. 2012), the test should not be read so narrowly as to allow a tortfeasor
who commits a tort against a non-resident while in Colorado to evade personal
jurisdiction.  The true cornerstone of the inquiry is whether the "defendant's conduct and
connection with the forum State are such that he should reasonably anticipate being
haled into court there."  *Id.* at 1207 (quoting *World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286, 297 (U.S. 1980)).

send representatives to Colorado.  Moreover, Immedia benefited from the relationship with the forum state and it was not unforeseeable that a claim could arise out of Immedia's activities here.  Also, the alleged tortious conduct took place in a Colorado facility and involved a number of Colorado residents.

### III.   **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that Defendant Immedia Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 138) is DENIED.

DATED: April 28, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge