IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

    Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado corporation,
DUFFY HOLDINGS, LLC, a Colorado Limited Liability Company,
DUFFY CRANE, INC., a Colorado corporation, and

    Defendants.

---

## ORDER

---

This matter is before the Court on the parties' joint Motion Requesting Ruling on Whether the *Savage* Rule Applies. (Doc. # 195.) For the reasons detailed herein, the Court concludes that the Colorado Supreme Court would adopt the *Savage* rule.

### I. BACKGROUND

The factual and procedural background of this dispute is described in detail in this Court's order of October 17, 2016. (Doc. # 180.)

On March 24, 2015, this Court entered an order denying Defendant Duffy's Motion for Summary Judgment. (Doc. # 86.) That order directed the parties to file additional briefing on the limited issue of whether the Colorado Supreme Court would adopt the so-called *Savage* rule, a question that bears significantly on the ultimate

disposition of this suit.  In compliance with that order, the parties filed the instant Motion on April 5, 2017.  (Doc. # 195.)

The *Savage* rule stands for the proposition that a shipper who assumes the responsibility of loading will be liable only for defects in the load which are latent or concealed and cannot be discerned by ordinary observation by the agents of the carrier. *See United States v. Savage Truck Line, Inc.*, 209 F.2d 442 (4th Cir. 1953).  To date, no Colorado court, let alone the Supreme Court of Colorado, has weighed in on whether the rule applies in Colorado.  However, "the rationale embodied in the *Savage* rule is followed by a majority of jurisdictions." *Whiteside v. United States*, No. 1:11-CV-154, 2013 WL 2355522, at *6 (E.D. Tex. May 28, 2013) (collecting cases); *see also Decker v. New England Pub. Warehouse, Inc.*, 749 A.2d 762, 767 (Me. 2000) ("The Savage rule . . . has been accepted by the majority of modern courts and by federal regulators.")

In the absence of any Colorado law addressing the issue, this Court must attempt to predict how the Supreme Court of Colorado would rule. *See Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  In conducting this inquiry, this Court is "free to consider all resources available," including decisions of "other state courts and federal courts, in addition to the general weight and trend of authority." *F.D.I.C. v. Schuchmann*, 235 F.3d 1217, 1225 (10th Cir. 2000).

## II. ANALYSIS

### A. Comparative fault and *Savage* are compatible

Plaintiff argues that the *Savage* rule is incompatible with Colorado's comparative fault regime because *Savage* is rooted in older, now-abandoned doctrines of negligence. Not so.

One would be hard pressed to escape the first day of a torts course without learning the five elements of a negligence claim: duty, breach of a duty, cause in fact, proximate cause, and damages. As the Defendants correctly observe, the *Savage* rule—that a shipper has a duty to refrain from creating latent and concealed defects—defines and assigns a legal duty, and is thus part of the first order inquiry in a negligence claim involving a shipper. By contrast, the doctrine of comparative fault pertains to an allocation of fault that occurs after a determination that a duty existed, and that the duty was breached.

The analysis of our sister court is illustrative of the distinction. In *Aragon v. Wal-Mart Stores East, LP, et al.*, 924 F. Supp. 2d 1066 (E.D. Mo. 2013), the plaintiff carrier sued the defendant loader for injuries that occurred when he opened his truck doors and was struck by falling pallets that had shifted during transit. The *Aragon* Court determined "[u]nder the comparative fault rubric applicable in Missouri, a plaintiff's negligence does not relieve a defendant of liability unless the defendant owes no duty to plaintiff." *Id*. at 1071. The first step, the Court explained, was to determine whether the defendant owed a duty to the plaintiff. *Id.*

Considering *Savage* for the first time since Missouri's adoption of comparative fault, the district court concluded that the Supreme Court of Missouri would follow the rule. *Id*. 1073. With a duty identified, the Court turned to the appropriate allocation of fault.

The existence of a single jurisdiction where a court concluded that the *Savage* rule and the doctrine of comparative fault can harmoniously coexist undermines the Plaintiff's position that the rule is inherently at odds with the doctrine. But Missouri is not alone. Indeed, the vast majority of states apply principles of comparative fault, *see Perez v. McConkey*, 872 S.W.2d 897, 903 (Tenn. 1994) (identifying only four states—Alabama, Maryland, North Carolina, and Virginia—that retain a common law contributory negligence scheme), and the *Savage* rule is, as has been noted, the majority rule. It defies credulity, and the basic principles of negligence, to suggest that the *Savage* rule and the doctrine of comparative fault are incompatible.

### B. For the purpose of *Savage*, Duffy is a "shipper"

In the alternative, Plaintiff argues that the *Savage* rule is inapplicable here because Duffy is merely a loader, and not a shipper. That argument, although creative, is unpersuasive.

The policy animating the *Savage* rule exists to dissuade any actor from negligently creating latent defects in a load. Whether we apply the label "shipper" or "loader," it is plain that the rule operates to allocate a duty upon the person or persons actually situating a load for shipment. The policy does not turn on a taxonomic technicality, and that reality is reflected in the caselaw. In *Alitalia v. Arrow Trucking Co.*,

977 F. Supp. 973, 975 (D. Ariz. 1997), Alitalia shipped an aircraft engine to American Airlines. The engine was loaded onto a truck by Dyanair, who was neither the shipper nor the motor carrier. *Id.* When the engine was damaged in transit, Alitalia sued the trucking company, which then sued Dyanair. When Dyanair moved for summary judgment, the court applied *Savage* to evaluate Dyanair's actions, even though Dyanair was not the "shipper" but the "loader." *Id.* at 984 n.10. Similarly, in *Aragon*, the Court applied Savage and deemed both of the defendants "shippers" without regard to which signed the bill of lading or was the named "shipper." 924 F. Supp. 2d at 1073-74.

### C. The Colorado Supreme Court would adopt the *Savage* rule

Faced with an *Erie* guess, this Court concludes that the Colorado Supreme Court would adopt the *Savage* rule.

As has been previously noted, the *Savage* rule controls in a majority of jurisdictions, ultimately because the underlying policy is well founded. The everyday practice and understanding in the trucking industry, as codified in federal regulations on the subject, reflect that carriers logically should in most cases have the final responsibility for the loads they haul. No shipper can force a driver to accept a load that the driver believes is unsafe. *See* 49 C.F.R. § 392.9(b)(1) (2000). By the same token, a driver must take responsibility for the safety of his or her cargo by inspecting and securing the load. *See* § 392.9(b)(2). The *Savage* rule does not absolve shippers from all responsibility as they bear the onus when cargo has been loaded improperly and that defect is latent. In short, the *Savage* rule merely extends the industry's reasonable understanding to negligence suits involving carriers and shippers. And although

5

Colorado courts have not weighed in on *Savage*, they have recognized a duty to comply with the aforementioned federal regulations, all of which, as this Court described, are in accord with *Savage. See Hageman v. TSI, Inc.*, 786 P.2d 452, 454 (Colo. App. 1989).

Ultimately, the *Savage* rule has been adopted by a majority of jurisdictions, is animated by a policy that is in harmony with federal trucking regulations recognized by Colorado courts, and is compatible with Colorado's comparative fault regime. For these reasons, the Court believes that the Colorado Supreme Court, if confronted with the question now before this Court, would adopt the *Savage* rule.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the joint Motion Requesting Ruling on Whether the *Savage* Rule Applies (Doc. # 195) is GRANTED. The Colorado Supreme Court would apply the *Savage* rule, and thus the rule will apply in this case.

DATED:  June 9, 2017                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge