**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

      Plaintiff,

v.

DUFFY CRANE AND HAULING, INC., a Colorado corporation,
DUFFY HOLDINGS, LLC, a Colorado limited liability company,
DUFFY CRANE, INC., a Colorado corporation, and
IMMEDIA, INC., a Minnesota corporation,

      Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND VACATING DOC. # 180, PREVIOUS ORDER GRANTING DEFENDANT IMMEDIA'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. # 260) of the Court's previous Order Granting Defendant Immedia's Motion for Summary Judgment (Doc. # 180). Because the Court inadvertently did not consider an applicable statutory provision, Plaintiff's Motion for Reconsideration is granted.

## I.   BACKGROUND

This case arises from injuries Plaintiff Franklyn A. Jenkins sustained on February 12, 2010, when he was unloading a heavy printing press from his truck. Plaintiff is an experienced commercial truck driver and was hired to transport part of the press from Colorado to Minnesota.

Defendant Immedia, Inc. ("Defendant Immedia") purchased the large printing press from a seller in Colorado in late 2009. Defendant Duffy Crane and Hauling, Inc. ("Defendant Duffy") loaded the equipment onto Plaintiff's truck at the seller's facility on February 10, 2010. Plaintiff then drove the load from Colorado to Minnesota, stopping twice to add additional securement devices to the load. When Plaintiff arrived at Defendant Immedia's Minnesota facility on February 12, 2010, the third party whom Defendant Immedia had hired to unload the truck directed Plaintiff to remove the securement devices from the load. As Plaintiff released the straps and chains, a steel cart rolled off the truck's top deck and injured Plaintiff. *See* (Doc. # 134.)

In 2011, Plaintiff filed suit in Minnesota state court against Defendant Immedia, Defendant Duffy, and other defendants, alleging negligence and negligence *per se*. The state trial court dismissed Defendant Duffy for lack of personal jurisdiction. The state trial court later denied Defendant Immedia's motion for summary judgment because it determined Defendant Immedia, as the owner of the property being unloaded from Plaintiff's truck, owed Plaintiff the duty to use reasonable care for Plaintiff's safety. (Doc. # 103-1.)

Plaintiff filed suit in this Court against Defendant Duffy on February 6, 2013. (Doc. # 1.) On June 19, 2015, Plaintiff moved to join Defendant Immedia as a defendant. (Doc. # 94.) On October 27, 2015, United States Magistrate Judge Kristen L. Mix granted this motion because she concluded joinder was proper pursuant to Fed. R. Civ. P. 20. (Doc. # 119.) Relevant here, Defendant Duffy had attempted to argue

2

that Plaintiff's claims against Defendant Immedia were barred by the statute of limitations and collateral estoppel. (*Id.*) Magistrate Judge Mix stated that Defendant Immedia, not Defendant Duffy, would be the proper defendant to raise these affirmative defenses. (*Id.*) Plaintiff filed his Amended Complaint, naming Defendant Immedia as an additional defendant, on November 19, 2015. (Doc. # 120.)

Defendant Immedia moved for summary judgment on all of Plaintiff's claims against it on August 11, 2016. (Doc. # 161.) Defendant made four arguments: (1) Plaintiff's claims were barred by the applicable statute of limitations; (2) Plaintiff was engaging in improper forum shopping, in violation of the *Colorado River* doctrine; (3) Plaintiff's claims were precluded by collateral estoppel; and (4) Plaintiff was solely responsible for securing the load on his truck as a matter of law. (*Id.*)

The Court granted Defendant Immedia's Motion for Summary Judgment on October 17, 2016, concluding that Plaintiff's claims against Defendant Immedia were barred by the applicable statute of limitations. (Doc. # 180.) The Court first addressed the parties' disagreement regarding which statute of limitations Colorado law would apply to the case. (*Id.*) It agreed with Defendant Immedia that Colo. Rev. Stat. § 13-80-101(1)(k)[1] was the appropriate statute of limitations. (*Id.*) Because Minnesota (where the action accrued) would apply a six-year statute of limitations—longer than Colorado's

---

[1] Section 13-80-101(1)(k) provides that "[a]ll actions accruing outside this state if the limitation of actions of the place where the cause of action accrued is **greater** than that of this state" "shall be commenced **within three years** after the cause of action accrues, and not thereafter." (Emphases added.)

three-year statute of limitations—section 13-80-101(1)(k) applied and required that the action be brought within three years of its accrual. (*Id.*)

The Court rejected Plaintiff's argument that Colorado's borrowing statute, Colo. Rev. Stat. § 13-8-110[2], required that Minnesota's six-year statute of limitation apply. (Doc. # 180.) The Court disagreed with Plaintiff's reliance on *Jenkins v. Panama Canal R.R.*, 208 P.3d 238 (Colo. 2009), and determined that the borrowing statute was inapplicable where a party seeks to "borrow" a **longer** statute of limitation from another jurisdiction. (*Id.*) The Court also rejected Plaintiff's assertions that his claim against Defendant Immedia did not accrue until 2014 and that the doctrine of equitable tolling should save his claim. (*Id.*) For these reasons, the Court dismissed Plaintiff's claims against Defendant Immedia. (*Id.*)

On September 18, 2017, Plaintiff filed the instant Motion for Reconsideration. (Doc. # 260.) Defendant Immedia opposed the motion on October 9, 2017. (Doc. # 266.) Plaintiff replied on October 19, 2017. (Doc. # 267.)

## II. DISCUSSION

### A. MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion

---

[2] Section 13-8-110 states:
> If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained in that state, territory, or foreign country by reason of lapse of time, the cause of action shall not be maintained in this state.

seeking relief from the judgment pursuant to Rule 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  In this case, Plaintiff's Motion for Reconsideration was not served within ten days of the Court's previous order.  Therefore, Plaintiff's motion must be construed as one pursuant to Rule 60(b).  *Id.*

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.  *Van Skiver*, 952 F.2d at 1243–44.  These six grounds are:

> (1) mistake, **inadvertence**, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added).

Plaintiff argues that the Court's order granting summary judgment (Doc. # 180) "overlooked the key Colorado statute," which it asserts is Colo. Rev. Stat. §13-82-104(1)(a)[3].  (Doc. # 260.)  Plaintiff's counsel concedes that "[t]his error was, to be sure,

---

[3] Section 13-82-104(1)(a) provides that "if a claim is substantively based . . . [u]pon the law of one other state, the limitation period of that state applies."

5

one in which [Plaintiff's counsel] shares responsibility." (*Id.*) Plaintiff also concedes that Defendant Immedia's summary judgment motion (Doc. # 161) cited this allegedly "key" statute. (Doc. # 260.) But despite Defendant Immedia's brief mention of section 13-82-104(1)(a) in a footnote of its motion for summary judgment, Plaintiff did not address this statute in his response. *See* (Doc. # 174.) Plaintiff instead relied on Colorado's borrowing statute, section 13-80-110. *See* (*id.*) The Court granted Defendant Immedia's request for summary judgment because it concluded that the borrowing statute was inapplicable. (Doc. # 180.)

In ruling on Defendant Immedia's motion for summary judgment (*id.*), the Court inadvertently overlooked section 13-82-104(1)(a), the provision that Plaintiff now asserts is the "the Colorado statute most directly supportive" of his argument that Minnesota's six-year statute of limitations controls this case, *see* (Doc. # 260.) Section 13-82-104(1)(a) was mentioned only once in a footnote in Defendant Immedia's motion to dismiss, *see* (Doc. # 161)—and the Court inadvertently overlooked it. Accordingly, the Court reconsiders its October 17, 2016, Order Granting Defendant Immedia's Motion for Summary Judgment (Doc. # 180).

## B. SECTION 13-82-104(1)(A)

Section 13-82-104(1)(a), part of Colorado's enactment of the Uniform Conflict of Laws–Limitations Act, Colo. Rev. Stat. §§ 13-82-101–107, states that "if a claim is substantively based . . . [u]pon the law of one other state, the limitation period of that state applies."

Plaintiff argues that because Minnesota substantive law applies to its claims against Defendant Immedia, section 13-82-104(1)(a) "makes clear" that Minnesota's six-year limitations period applies.  (Doc. # 260.)  This statute, according to the Plaintiff, "must be the starting point" and the end point for analyzing which state's statute of limitations controls.  (*Id.*)  Plaintiff asserts that "there is no conflict between section 13-82-104(1)(a) and 13-8-101(1)(k)" and even if there was a conflict, "that conflict would need to be resolved in favor of the longer six-year period."

Defendant maintains that section 13-8-101(1)(k), which states that "all actions accruing outside this state if the limitation of actions [of the other jurisdiction] is greater than that of this state" must be brought within three years, controls.  (Doc. # 161.)  And because Minnesota's statute of limitations (six years) is longer than Colorado's statute (three years), Defendant argues that section 13-8-101(1)(k) requires the application of the provision's three-year limitation.  (*Id.*)  Defendant contends that there is no conflict between section 13-8-101(1)(k) and section 13-82-104(1)(a), but "[e]ven if there is a conflict between the two statutes, [section 13-8-101(1)(k)] prevails because it is the more recently enacted statute."  (Doc. # 266.)

1.    Principles of Statutory Interpretation

When interpreting statutes, the Court's primary task is to give effect of the General Assembly's intent.  *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663, 667 (Colo. 1995).  When commonly accepted meanings of a statute's plain language do not clarify legislative intent, the Court may "look to a statute's legislative history."  For example,

legislative history may be useful "when a statute's language is ambiguous" or "when attempting to harmonize two seemingly conflicting statutes." *Jenkins*, 208 P.3d at 241.

The Court finds that neither section 13-82-104(1)(a) nor section 13-8-101(1)(k) contains ambiguous language. They are, however, seemingly in conflict with one another. Because the statutes are not ambiguous and cannot be harmonized, the Court turns to the statutory construction rules for irreconcilable statutes. *See id.*

The General Assembly has established two rules for deciding which of two irreconcilable statutes control. *Id.* First, the specific provision prevails over the general provision. Colo. Rev. Stat. § 2-4-205. This rule applies

> unless the general statute was enacted more recently than the specific statute, and the legislature manifestly intends that the later-enacted general statute prevail over the earlier-enacted specific statute. If these conditions are met, the general statute prevails. However, without the General Assembly's manifest intent, a more recent general statute will not repeal an existing specific statute.

*Jenkins*, 208 P.3d at 241–42 (internal citations omitted).

Second, if specificity does not resolve the conflict, the statute with the more recent effective date controls. Colo. Rev. Stat. § 2-4-206. The more recent statute prevails "even if the General Assembly did not clearly intend it to supplant an existing statute. This is because [the Court] assume[s] the General Assembly is aware of its enactments, and thus [the Court] conclude[s] that by passing an irreconcilable statute at a later date the legislature intended to alter the prior statute." *Jenkins*, 208 P.3d at 242 (citing *City of Florence v. Pepper*, 145 P.3d 654, 657 (Colo. 2006)). Finally, if neither of these two rules resolve a conflict between two different statutes of limitations, the Court

turns to a third rule of construction "supported by . . . case law and public policy; the statute providing the longer limitations period prevails." *Reg'l Transp. Dist.*, 890 P.2d at 668.

2.    <u>Application</u>

Applying the first rule of that analysis, the Court finds that section 13-82-104(1)(a) is the more specific of the conflicting provisions and therefore concludes that it controls.  Section 13-82-104(1)(a) is specifically intended to resolve situations like instant matter: "if a claim is substantively based . . . [u]pon the law of one other state, the limitation period of that state applies."  It was adopted as part of a statutory scheme specifically addressing conflict of laws.  *See* Colo. Rev. Stat. § 13-82-101.  By contrast, section 13-8-101(1)(k) is part of a statute explicitly titled "**General** limitation of actions– three years."  (Emphasis added.)

As explained above, the first rule for resolving statutory conflicts provides that a general statute prevails over the specific statute if "the general statute was enacted more recently than the specific statute, and the legislature manifestly intends that the later-enacted general statute prevail over the earlier enacted specific statute."  *Jenkins*, 208 P.3d at 241–42 (internal citations omitted).  To be clear, "the General Assembly's manifest intent" is required for the more general statute to apply.  *Id.*  Here, the general statute, section 13-8-101(1)(k), was enacted more recently than the specific statute, section 13-82-104(1)(a).  However, Defendant Immedia does not suggest, nor has the

Court found, any evidence suggesting the General Assembly manifestly intended the general section 13-8-101(1)(k) to repeal the more specific section 13-82-104(1)(a).

Defendant Immedia's argument that *Jenkins*, 208 P.3d 238, leads to the contrary conclusion fails to persuade the Court. *See* (Doc. # 266.) In *Jenkins*, the Colorado Supreme Court considered different questions. *Jenkins* did not involve either of the sections here; rather, the Supreme Court considered section 13-80-110 and section 13-82-104(2). *Jenkins*, 208 P.3d at 241. Moreover, the *Jenkins* plaintiff was not arguing that another jurisdiction's longer limitations period applied. *Id.* at 240. He instead argued that Colorado's longer limitations period applied, even though the injury occurred in Panama. *Id.* *Jenkins* is easily distinguished from this case.

For these reasons, the Court concludes that section 13-82-104(1)(a) is more specific and therefore applies. Because the conflict is resolved at specificity, the Court does not reach the second rule concerning recency.

Pursuant to section 13-82-104(1)(a), because Plaintiff's claim against Defendant Immedia is based on Minnesota's substantive law, the six-year limitations period of that state applies. Plaintiff's claim against Defendant Immedia is not barred by any statute of limitations. Accordingly, the Court reconsiders its previous Order Granting Defendant Immedia's Motion for Summary Judgment (Doc. # 180) and concludes that summary judgment is not warranted.

### III.   CONCLUSION

For the foregoing reasons, it is hereby:

1.  ORDERED that Plaintiff's Motion for Reconsideration (Doc. # 260) of the
    Court's previous Order Granting Defendant Immedia's Motion for Summary
    Judgment (Doc. # 180) is GRANTED.  It is FURTHER ORDERED that

2.  This Court's Order Granting Defendant Immedia's Motion for Summary
    Judgment (Doc. # 180) is VACATED.   It is FURTHER ORDERED that

3.  Defendant Immedia's Motion for Summary Judgment (Doc. # 161) is
    DENIED.   It is FURTHER ORDERED that

4.  Plaintiff's claims against Defendant Immedia are REINSTATED.  It is
    FURTHER ORDERED that

5.  The parties are DIRECTED to contact Chambers at
    arguello_chambers@cod.uscourts.gov to obtain appropriate dates for a
    Status Conference in this matter.

DATED:  October 27, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge