IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

    Plaintiff,

v.

IMMEDIA, INC., a Minnesota corporation,

    Defendant.
_____

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**
_____

Before the Court are two motions: Plaintiff Franklyn Jenkin's Motion for Summary Judgment (Doc. # 306) and Defendant Immedia, Inc.'s Motion for Summary Judgment (Doc. # 319). Having thoroughly reviewed the briefing, pertinent exhibits, and applicable law, the Court denies both motions.

### I.     BACKGROUND

This Court recited the factual and procedural background of this dispute in its October 27, 2017 Order Granting Plaintiff's Motion for Reconsideration (Doc. # 268), which is incorporated herein. Accordingly, this Order will reiterate only what is necessary to address the competing Motions for Summary Judgment.[1]

---

[1] Three other motions are ripe for the Court's review: (1) Defendant's Motion to Exclude the Expert Opinions of Dr. Richard Ziernicki (Doc. # 321); (2) Defendant's Rule 702 Motion to Exclude Rebuttal Expert Witness Walter Guntharp (Doc. # 322); and (3) Defendant's Motion to Limit the Opinion Testimony of Jeffrey Opp (Doc. # 323). The Court will address these motions in due time.

Plaintiff asserts five claims against Defendant: (1) negligence; (2) failure to warn; (3) negligence *per se*; (4) negligent misrepresentation; and (5) vicarious liability. (Doc. # 134 at 20–27.) On October 1, 2018, Plaintiff filed his Motion for Summary Judgment "As to Liability." (Doc. # 306.) Plaintiff argues that he is entitled to a legal ruling by the Court that Defendant had and undertook to assume a duty of care and that such a ruling "resolve[s] the issue of [Defendant's] tort liability." (*Id.* at 1.) It appears to the Court that Plaintiff only seeks summary judgment on his negligence claim; he only identifies the elements of that claim and does not refer to his other claims against Defendant. *See* (*id.* at 6.) Defendant responded in opposition to Plaintiff's summary judgment motion on November 15, 2018, contending that "Plaintiff bore the duty to ensure that the load on his trailer was sufficiently secured." (Doc. # 320 at 1.) Plaintiff replied on November 29, 2016. (Doc. # 326.)

Defendant filed its Motion for Summary Judgment on November 15, 2018. (Doc. # 319.) Defendant seeks summary on all the claims, which "all require a duty," and it disputes "the existence of a duty" and causation. (*Id.* at 2–3.) Plaintiff filed his Response on November 29, 2018, first asking the Court to strike Defendant's Motion for Summary Judgment as an improper second summary judgment motion and then arguing that Minnesota law gave rise to Defendant's duties. *See generally* (*id.*) Defendant replied in support of its Motion for Summary Judgment on December 13, 2018.

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Id.* A —dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Id.*

## III. ANALYSIS

Upon review of the parties' filings and the evidence referenced therein, the Court determines that genuine issues of material fact preclude the Court from entering summary judgment in favor of either party on the existence of a duty. In short, whether Defendant owed a duty of care to Plaintiff depends on the role Defendant performed in the loading and unloading of the cargo. *See Spence v. ESAB Group, Inc.*, 623 F.3d 212, 219 (3rd Cir. 2010). The parties vociferously dispute Defendant's involvement in the loading and unloading of the cargo. For example, Plaintiff argues in his Motion for Summary Judgment that Defendant's "affirmative undertakings," such as signing the Bill of Lading, "not packaging the tables or removing the wheels," and "allowing unloading in violation of its own procedures," imposed on Defendant a duty to act with reasonable

3

care. (Doc. # 306 at 8–9.) In response to that argument, Defendant contends that there is no evidence the Bill of Lading played into Plaintiff's decision-making at the time the cargo was loaded onto his trailer, that it (Defendant) was not involved with packaging the tables or developing a plan to package the tables, and that its internal policies and procedures cited by Plaintiff did not apply to the circumstances at hand. (Doc. # 320 at 16–18.) Accordingly, neither party is entitled to summary judgment on the existence of a duty.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. # 306) is DENIED; and
2. Defendant's Motion for Summary Judgment (Doc. # 319) is DENIED.

DATED: February 8, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge