**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

     Plaintiff,

v.

IMMEDIA, INC., a Minnesota corporation,

     Defendant.

─────────────────────────────────────────────────────────────

**ORDER AFFIRMING AND ADOPTING THE APRIL 25, 2019 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE AND DENYING MOTION FOR PARTIAL
DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

─────────────────────────────────────────────────────────────

     This matter is before the Court upon the April 25, 2019, Recommendation by

United States Magistrate Judge Kristen L. Mix that this Court grant Plaintiff's Renewed

Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages and to

Conform to the Court's Orders (Doc. # 359). (Doc. # 368.) Defendant Immedia, Inc.

objected to Magistrate Judge Mix's Recommendation. (Doc. # 370.) Plaintiff Franklyn A.

Jenkins responded to Defendant's Objection. (Doc. # 377.) For the reasons described

herein, Defendant's objections are overruled. The Court affirms and adopts the

Recommendation.

     Related to Defendant's Objection (Doc. # 370) is Defendant's Motion for Partial

Dismissal of Plaintiff's Third Amended Complaint. (Doc. # 371.) Because the Court

affirms and adopts the Recommendation, the Court also addresses Defendant's Motion

for Partial Dismissal. For the following reasons, the Court denies Defendant's Motion for Partial Dismissal.

## I.     **BACKGROUND**

This Court recited the factual and procedural background of this dispute in its October 27, 2017 Order Granting Plaintiff's Motion for Reconsideration (Doc. # 268), which is incorporated herein. The Magistrate Judge's Recommendation also provides a thorough recital of the factual and procedural background of this dispute and it is also incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Defendant's Objection (Doc. # 370) and Defendant's Motion for Partial Dismissal (Doc. # 371).[1]

On October 5, 2018, Plaintiff filed a Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages ("Initial Motion for Leave"). (Doc. # 307.) Due to procedural and formatting defects, the Court denied the Initial Motion for Leave and directed Plaintiff to file a Renewed Motion for Leave on or before February 13, 2019. (Doc. # 347.) Plaintiff timely filed his Renewed Motion for Leave on February 6, 2019. (Doc. # 353.) Plaintiff argued that the Court should permit him with leave to file a Third Amended Complaint to add a claim for punitive damages because recently obtained fact and expert evidence sufficiently supported Plaintiff's claim for punitive damages. (*Id*. at 1–3, 12–13.)

_____

[1] Five other motions are ripe for the Court's review: (1) Defendant's Motion to Exclude the Expert Opinions of Dr. Richard Ziernicki (Doc. # 321); (2) Defendant's Rule 702 Motion to Exclude Rebuttal Expert Witness Walter Guntharp (Doc. # 322); (3) Defendant's Motion to Limit the Opinion Testimony of Jeffrey Opp (Doc. # 323); Defendant's Motion *in Limine* (Doc. # 374); and Plaintiff's Motion *in Limine* (Doc. # 375). The Court will address these motions in due time.

Defendant filed its response in opposition to Plaintiff's Renewed Motion for Leave on February 27, 2019. (Doc. # 358.) Defendant asserted that Plaintiff's proffered evidence was not sufficient to constitute "clear and convincing evidence" that Defendant "intentionally or deliberately disregarded the safety of others." (*Id.* at 4.) Moreover, Defendant argued that Plaintiff's Renewed Motion for Leave was untimely and unsupported by good cause, and that granting the motion would prejudice Defendant. (*Id.* at 12–15.)

On February 28, 2019, Plaintiff replied to Defendant's Response and argued that Defendant's improper attempts to raise factual issues to oppose the Renewed Motion for Leave did not diminish Plaintiff's ability to establish the prima facie case necessary to amend his complaint and add a claim for punitive damages. (Doc. # 359 at 2, 4–5.) Additionally, Plaintiff averred that good cause supported his Renewed Motion for Leave because Defendant's failure to timely disclose relevant evidence delayed Plaintiff's ability to file the Initial Motion for Leave, and as a result, Defendant is not prejudiced by Plaintiff's sought amendments. (*Id.* at 2–4.)

Magistrate Judge Mix issued her Recommendation that the Court grant Plaintiff's Renewed Motion for Leave on April 25, 2019. (Doc. # 368.) The Magistrate Judge first determined that Plaintiff established good cause for moving to amend his complaint out of time because he "heavily relie[d] upon evidence that was obtained after the March 1, 2018 deadline to amend pleadings" as a result of Defendant's belated disclosures, which triggered Plaintiff's need for additional fact and expert depositions. (*Id.* at 5–8.)

Next, Magistrate Judge Mix followed "a new consensus within the District of Minnesota" and applied Rule 15, and not Minn. Stat. § 540.20, when analyzing whether to grant a motion to amend a complaint to add a claim for punitive damages in a federal diversity case. (*Id.* at 10.) The Magistrate Judge explained that, procedurally, the Court is required to (1) view the proposed amended complaint "through the permissive Rule 15 lens[,]" and (2) apply substantive Minnesota state law when determining whether a moving party states a plausible claim for punitive damages. (*Id.* at 11.)

Applying Rule 15, Magistrate Judge Mix determined that Plaintiff's claim for punitive damages was not futile because he adequately pleaded a claim "that the acts of the defendant show[ed] deliberate disregard for the rights or safety of others." (*Id.* at 18 (citing Minn. Stat. § 549.20).) Moreover, Magistrate Judge Mix concluded that neither unfair prejudice nor undue delay constituted grounds to deny Plaintiff's Renewed Motion for Leave. (*Id.* at 19–20.)

Defendant filed its Objection to Magistrate Judge Mix's Recommendation on May 10, 2019. (Doc. # 370.) As is explained in further detail below, Defendant asserts that Magistrate Judge Mix applied "the wrong legal standard" and misunderstood "the relevant facts." (*Id.* at 1.) Plaintiff responded to Defendant's Objection on May 24, 2019 (Doc. # 377), and argued that pursuant to Rule 72(a), Magistrate Judge Mix's decision was not clearly erroneous or contrary to law. (Doc. # 377 at 2–8.) For the following reasons, the Court agrees with Plaintiff that Magistrate Judge Mix's Recommendation is not clearly erroneous or contrary to law, and therefore, it will affirm and adopt the Recommendation.

## II.    LEGAL STANDARDS

### A.    REVIEWING AN OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is **clearly erroneous** or is **contrary to law**." Fed. R. Civ. P. 72(a) (emphasis added). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). The "'clearly erroneous' standard is 'significantly deferential.'" *Chung v. Lamb et. al.*, No. 14-cv-03244-WYD-KLM, 2018 WL 7141423, at * 1 (D. Colo. Jan. 3, 2018) (quoting *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [her] authority." *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008).

### B.    RULE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid

of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted). This pleading standard ensures "that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an adequate defense" and avoids "ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

### III.    ANALYSIS

**A.    PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

1.    <u>Good Cause Exists for Plaintiff to Amend His Complaint</u>.

Magistrate Judge Mix determined that good cause existed for Plaintiff to amend his complaint because Plaintiff supported his Renewed Motion for Leave and punitive damages claim with evidence obtained after the deadline to amend pleadings. (Doc. # 368 at 7.) Magistrate Judge Mix cited the "newly-acquired" information that Plaintiff referenced in his Renewed Motion for Leave and proposed Third Amended Complaint, which included deposition testimony from depositions that were only necessitated by Defendant's disclosure of merits-related discovery after the deadline to amend pleadings. (*Id.*) In Defendant's Objection, it argues that Plaintiff "heavily relies" upon evidence that was previously available to Plaintiff before the deadline to amend pleadings. (Doc. # 370 at 3.)

The Court is not convinced that Magistrate Judge Mix's finding that good cause justified Plaintiff's untimely request to amend his complaint is clearly erroneous or

contrary to law. The Magistrate Judge relied upon District of Colorado case law that supports the proposition that newly discovered information "may lead to amendment of deadlines set forth in the Scheduling Order" and "constitutes good cause for such amendment pursuant to Rule 16(b)(4)." (Doc. # 368 at 5 (quoting *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010)).) Defendant fails to provide case law to the contrary.

Instead, Defendant merely disagrees with the amount of weight Magistrate Judge Mix placed upon Plaintiff's reliance on evidence disclosed after the amendment deadline as opposed to evidence that was previously available before the amendment deadline. (Doc. # 370 at 3–4.) Mere disagreement with Magistrate Judge Mix's recommendation does not make the recommendation incorrect. *Rader*, 2008 WL 4949168 at *3. Defendant's objection that Plaintiff did not establish good cause is overruled.

2. <u>Applying Rule 15 Rather Than Minnesota State Law on Issue of Whether to Permit Amended Complaint Is Not Clearly Erroneous or Contrary to Law</u>.

Magistrate Judge Mix followed the "new consensus within the District of Minnesota that Rule 15," and not Minn. Stat. § 549.20, "is the proper standard to apply when determining whether a motion to amend to add a claim for punitive damages should be granted or denied in federal diversity cases." (Doc. # 368 at 10.) This "new consensus" of District of Minnesota cases "freshly analyzed" that question in light of the United States Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v.*

*Allstate Ins. Co.*, 559 U.S. 393 (2010). (*Id.* at 10 (quoting *Ramirez v. AMPS Staffing, Inc.*, No. 17-5107 (DWF/BRT), 2018 WL 1990031, at *1 (D. Minn. Apr. 27, 2018)).)

These new cases stand for the proposition that the question to be answered in a motion for leave to amend a complaint before a federal court sitting in a diversity case is "whether the pleading []contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.[]" *Shank v. Carleton College*, No. 16-cv-1154 (PJS/HB), 2018 WL 4961472, at *4 (D. Minn. Oct. 15, 2018) (internal quotations omitted); *see* (Doc. # 368 at 10–11.) Indeed, Rule 15 answers that question and stands in "stark contrast" to Minnesota's punitive damages statute, which requires the court to "consider evidence in determining the proprietary of the motion to amend." *Shank*, 2018 WL 4961472 at *4.

Another court among this new consensus determined that it was consistent with the Supreme Court's *Shady Grove* decision to apply Rule 15 instead of Minn. Stat. § 549.20 when analyzing whether to grant a motion for leave to amend a complaint to add a claim for punitive damages. *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 859–62 (D. Minn. 2018). In *Shady Grove*, the Supreme Court observed that, under the *Erie* doctrine, the test of whether to apply a federal rule over a state rule is not whether the federal rule "affects a litigant's substantive rights" because "most procedural rules

do." *Shady Grove*, 559 U.S. at 407 (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 445–46 (1946)). The Court wrote:

> What matters is what the rule itself regulates: If it governs only "the manner and the means" by which the litigant's rights are "enforced," it is valid; if it alters "the rules of decision by which [the] court will adjudicate [those] rights." It is not.

*Id.* (quoting *Murphree*, 326 U.S. at 445–46).

The *Sela* court determined that under the *Shady Grove* approach, Rule 15 "really regulate[s]" procedure and the "process for amending a complaint" whereas Minn. Stat. § 549.20 would govern "the contents of the complaint." *Id.* (quoting *Shady Grove*, 559 U.S. at 407, 410). The Magistrate Judge agreed. The Court finds that Magistrate Judge Mix's decision to follow this new consensus of cases in the District of Minnesota is not "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Accordingly, Defendant's objection to the Magistrate Judge's application of Rule 15 in analyzing whether to grant Plaintiff's Renewed Motion for Leave is overruled.

3.    <u>Plaintiff's Claim for Punitive Damages Is Permitted Under Rule 15(a)</u>.

Pursuant to Rule 15(a), Magistrate Judge Mix considered Defendant's arguments of futility, unfair prejudice, and undue delay when deciding whether justice would be served by Plaintiff's amendment. (Doc. # 368 at 12.) The Court reviews Magistrate Judge Mix's findings as to each argument in turn.

First, Magistrate Judge Mix determined that Plaintiff's proposed amendment would not be futile because his claim for punitive damages would withstand a motion to dismiss. (*Id.* at 12 (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).) Complying with caselaw construing Rule 15(a), Magistrate Judge Mix did not consider

evidence outside of the pleadings. (*Id.* at 12–13.) Rather, the Magistrate Judge based her determination as to whether Plaintiff's claim for punitive damages would survive a motion to dismiss on the four corners of the proposed Third Amended Complaint—accepting the factual allegations as true and drawing all reasonable inferences in favor of Plaintiff. (*Id.* at 13.) Within those parameters, the Magistrate Judge thus determined that Plaintiff's claim for punitive damages needed to be adequately pleaded pursuant to Minnesota's punitive damages statute. (*Id.* at 13–14.)

Magistrate Judge Mix analyzed eight factual allegations set forth by Plaintiff in support of his claim for punitive damages. (*Id.* at 14–17.) Accepting those eight factual allegations as true and drawing all reasonable inferences therefrom in a light most favorable to Plaintiff, Magistrate Judge Mix concluded that Plaintiff's proposed amended complaint would not be futile because he alleged a plausible claim for punitive damages and "that the acts of the defendant show[ed] deliberate disregard for the rights or safety of others." (*Id.* at 17–18 (quoting Minn. Stat. § 549.20).)

Defendant contends that Magistrate Judge Mix erred by failing to consider Defendant's competing evidence and its argument as to why Plaintiff's proffered evidence should be construed in a **different** manner that does not support Plaintiff's claim for punitive damages. (Doc. # 370 at 10–15.) Indeed, Defendant used a significant portion of its brief seeking to persuade this Court to not accept Plaintiff's factual

allegations (and the eight specifically considered by Magistrate Judge Mix) as true. *See* (*id.*) The Court is not persuaded.

The Court finds that Magistrate Judge Mix's determination that Plaintiff's amended complaint would not be futile is neither clearly erroneous nor contrary to law. Because the Court applies Rule 15(a) to determine whether Plaintiff's Renewed Motion for Leave should be granted, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences therefrom in a light most favorable to Plaintiff. In doing so, the Court is persuaded that the eight factual allegations support a plausible claim for punitive damages by "clear and convincing evidence" pursuant to Minn. Stat. § 549.20. These factual allegations, if accepted as true, plausibly establish that Defendant acted with deliberate disregard for the rights or safety of Plaintiff because Defendant "had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the rights or safety of" Plaintiff, and Defendant "deliberately proceed[ed] to act with indifference to the high probability of injury to the rights or safety of" Plaintiff. Minn. Stat. § 549.20(a)(b)(2); *see* (Doc. # 368 at 18.) Whether the jury agrees with that finding is a different matter and one that is reserved for trial.

Moreover, with respect to Magistrate Judge Mix's conclusion that Plaintiff's proposed amended complaint would not cause unfair prejudice to Defendant and that Plaintiff's Renewed Motion for Leave was not a product of undue delay, the Court is satisfied that the Magistrate Judge's decision is not clearly erroneous or contrary to law. (Doc. # 368 at 19–20.) Specifically, the Court agrees with Magistrate Judge Mix that Defendant will not suffer any unfair prejudice because Defendant wrote a significant

number of pages arguing why Defendant's own evidence rebutted Plaintiff's punitive damages claim.[2] (Doc. # 358 at 4–11; Doc. # 370 at 11–14.)

Accordingly, the Court affirms and adopts Magistrate Judge Mix's Recommendation.

## B. DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT.

On May 10, 2019, Defendant filed a Motion for Partial Dismissal of Plaintiff's Third Amended Complaint, and in particular, moved to dismiss Plaintiff's Fourth (negligent misrepresentation) and Seventh (punitive damages) Claims for Relief for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6). (Doc. # 371.) Defendant asserted, for the first time, that Plaintiff failed to state a claim for negligent misrepresentation because Minnesota law does not recognize "the tort of negligent misrepresentation in the context of a personal injury claim." (*Id.* at 10.) Finally, Defendant renewed its previous motion to dismiss and argued that Plaintiff's Third Amended Complaint should be dismissed based on a lack of personal jurisdiction. (*Id.*) Plaintiff responded to Defendant's Motion for Partial Dismissal on May 24, 2019. (Doc. # 376.) The Court has reviewed all the relevant pleadings concerning Defendant's Motion

---

[2] It is noteworthy that Defendant asserted that Plaintiff could not show good cause for seeking to amend his complaint out of time because, in pleading his claim for punitive damages, Plaintiff "heavily relie[d]" on previously disclosed evidence. (Doc. # 370 at 2–5.) Defendant then argued that if the Court were to permit Plaintiff with leave to amend his complaint, Defendant would suffer prejudice because it "will not have the opportunity to challenge 'the factual basis' of the claim for punitive damages under Minn. Stat. § 549.191[.]" Yet Defendant devoted substantial portions of its briefing to challenging the factual basis of Plaintiff's claim for punitive damages. (Doc. # 358 at 3–12; Doc. # 370 at 10–15.) Defendant cannot have its cake and eat it too. The Court is not moved by Defendant's objection that it would suffer unfair prejudice.

for Partial Dismissal, the pertinent record, and relevant legal authority. For the following reasons, the Court denies Defendant's Motion for Partial Dismissal.

First, as a result of the Court's order affirming and adopting Magistrate Judge Mix's Recommendation (Doc. # 368), the Court finds that Plaintiff's proposed amendment to add a claim for punitive damages would not be futile. The Court agreed with Magistrate Judge Mix's conclusion that Plaintiff's punitive damages claim would withstand a motion to dismiss; and in the instant motion, it does. For the reasons set forth above in Section III.A.3. of this Court's Order and Section II.B.2.a. of Magistrate Judge Mix's Recommendation, which are incorporated herein, the Court denies Defendant's motion to dismiss Plaintiff's punitive damages claim. (Doc. # 368 at 12–19.)

Furthermore, the Court agrees with Plaintiff that, as a matter of law, Minnesota law does not "foreclose the possibility of recognizing in Minnesota the tort of negligent misrepresentation involving the risk of physical harm[.]" *Smith v. Brutger Cos.*, 569 N.W.2d 408, 413–14 (Minn. 1997); (Doc. # 376 at 8.) Accordingly, Defendant's motion to dismiss Plaintiff's negligent misrepresentation claim is denied.

Finally, for the reasons set forth in the Court's April 28, 2016 Order denying Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 150), which is incorporated herein, Defendant's motion to dismiss Plaintiff's Third Amended Complaint for lack of personal jurisdiction is also denied.

Therefore, Defendant's Motion for Partial Dismissal of Plaintiff's Third Amended Complaint is denied.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS that Magistrate Judge Mix's

Recommendation (Doc. # 368) is AFFIRMED and ADOPTED as an Order of this Court.

It is

FURTHER ORDERED that Defendant Immedia, Inc.'s Motion for Partial

Dismissal of Plaintiff's Third Amended Complaint (Doc. # 371) is DENIED.


DATED: May 31, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge