# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 13-cv-00327-CMA-KLM

FRANKLYN A. JENKINS,

     Plaintiff,

v.

IMMEDIA, INC., a Minnesota corporation.

     Defendant.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* NO. 7

---

This matter is before the Court on Plaintiff Franklyn Jenkins's Motion *in Limine* (Doc. # 375), and, specifically, Plaintiff's Motion *in Limine* No. 7. (Doc. # 375 at 4.)

### I.     BACKGROUND

Plaintiff moves to exclude any reference or suggestion by Defendant Immedia, Inc. ("Immedia") that the incidents on February 10, 2010 and February 12, 2010 are within scope of Federal Motor Carrier Safety Regulations ("FMCSRs"). (Doc. # 375 at 4.) Plaintiff argues that the FMCSRs do "not apply to Immedia's conduct in the packaging, dismantling, loading, inspection or unloading of equipment, and any reference or comment that the FMCSR applies should be strictly prohibited" and that any such reference would "be highly improper and prejudicial and in direct conflict with FMCSR." (*Id.* at 4.)

Immedia contends that the "*Savage* Doctrine[1] and the FMCSRs that "form the basis of the doctrine apply to unsecuring and unloading accidents." (Doc. # 381 at 3.) Immedia further asserts that the FMCSRs "are still highly relevant to Immedia's defense of the comparative negligence of Plaintiff" and "pertinent to the allocation of fault to non-party Duffy." (*Id.* at 4.) Additionally, Immedia emphasizes that Plaintiff's own expert, Dr. Ziernicki, has opined on the relevance of the FMCSRs as a "reference for how cargo should be safely and properly loaded for transport." (Doc. # 321-1; Doc. # 381 at 4.)

## II.     DISCUSSION

The Court finds that the FMCSRs are relevant to Immedia's defense of comparative negligence. Minn. Stat. § 221.605, subd. 1 provides that "Interstate carriers and private carriers engaged in interstate commerce shall comply with the federal motor carriers regulations in Code of Federal Regulations, title 49, parts 40, 382, 383, 387, and 390 through 398, which are incorporated by reference . . . ." Minn. Stat. § 221.605, subd. 1(a). Minn. Stat. § 221.012, subd. 20 provides that "interstate carrier" means "any person engaged in transporting property . . . for hire in interstate commerce in Minnesota, from or into Minnesota, or between any point in the state of Minnesota and the Dominion of Canada." There is no dispute that Plaintiff was an interstate carrier. Plaintiff, thus, was required to abide by the FMCSRs as part of Minnesota law.

Although a violation of the FMCSRs does not constitute negligence *per se*, the violation can represent evidence of negligence. *Ruhland v. Smith*, Case Nos. C7-91-

---

[1] The Court has issued an Order ruling that, under Minnesota law, the Minnesota Supreme Court would not apply the *Savage* rule to this case, and as such, the Savage rule will not apply to Plaintiff's claims against Immedia. (Doc. # 403.)

668, 64-91-675, 1991 WL 257962, at *3 (Minn. Ct. App. 1991); *see also Soo Line R.R. Co. v. Werner Enters.*, 825 F.3d 413, 419 (8th Cir. 2016) (explaining that Minnesota courts have extended the rule that violations of Minnesota's traffic regulations do not constitute negligence *per se* to violations of the FMCSRs).

If Immedia can convince the jury that Duffy or Plaintiff violated any of these regulations during transportation, and that such violations were a cause of Plaintiff's injuries, under Minnesota's comparative fault scheme, the jury should be permitted to attribute a percentage of fault, if any, to Duffy or Plaintiff as a result of these violations.

Nonetheless, for the reasons set forth in Court's Order at Doc. # 403 relating to the inapplicability of the *Savage* rule, although the Court will not exclude **all** evidence or references to the FMCSRs at trial, it does GRANT IN PART Plaintiff's Motion *in Limine* No. 7 and will preclude Immedia from arguing that either (1) the FMCSRs establish a no-duty rule for Immedia that would absolve it of all liability in the instant action, or (2) that Plaintiff's alleged violations of the FMCSRs absolve Immedia of all liability.

For the foregoing reasons, it is ORDERED that Plaintiff's Motion *in Limine* No. 7 (Doc. # 375) is GRANTED IN PART and DENIED IN PART.

DATED: June 16, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge